1  CHRISTOPHER WARD, CA Bar No. 238777
       cward@foley.com
2  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3300
3  LOS ANGELES, CA 90071-2418
   TELEPHONE:  213.972.4500
4  FACSIMILE:   213.486.0065

5  KEVIN JACKSON, CA Bar No. 278169
       kjackson@foley.com
6  **FOLEY & LARDNER LLP**
   11988 EL CAMINO REAL, SUITE 400
7  SAN DIEGO, CA 92130-2594
   TELEPHONE:  858.847.6700
8  FACSIMILE:   858.792.6773

9  Attorneys for Defendants AIRCRAFT
   SERVICE INTERNATIONAL, INC.,
10 AIR MENZIES INTERNATIONAL
   (USA), INC., and MENZIES
11 AVIATION (USA), INC.

12

13              **UNITED STATES DISTRICT COURT**

14      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16 | DANNY LOPEZ, individually, and on behalf of all other aggrieved employees, | Case No. 2:21-cv-07108 |
|---|---|
17 |  | **DEFENDANTS AIRCRAFT SERVICES INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., AND MENZIES AVIATION (USA), INC'S NOTICE OF REMOVAL OF ACTION (FEDERAL QUESTION JURISDICTION)** |
18 | Plaintiff, |  |
19 | vs. |  |
20 | AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive, |  |
21 |  |  |
22 |  |  |
23 | Defendants. | Filed concurrently with: |
24 |  | i.     Declaration of Christopher Ward; |
   |  | ii.    Civil Cover Sheet; |
25 |  | iii.   Disclosure Statement and Certification and Notice Interested Parties; and |
26 |  | iv.    Proof of Service |

27

28

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
Case No. 2:21-cv-07108

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants AIRCRAFT SERVICE INTERNATIONAL, INC. ("ASIG"), AIR MENZIES INTERNATIONAL (USA), INC., AND MENZIES AVIATION (USA), INC. (hereinafter referred to as "Defendants") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as well as the provisions of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, hereby invokes this Court's jurisdiction and removes the above-captioned case, pending in the Superior Court of California, Los Angeles County, Case No. 21STCV26797 to the United States District Court for the Central District of California on the following grounds:

1.      On July 21, 2021, Plaintiff Danny Lopez ("Plaintiff") commenced this action by filing an unverified Complaint in the Superior Court of California, County of Los Angeles, entitled "DANNY LOPEZ, individually, and on behalf of all other aggrieved employees v. AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive" Case No. 21STCV26797 (the "Complaint").  Defendants received service of the Complaint on or around August 3, 2021.  [Declaration of Christopher Ward ("Ward Decl."), ¶ 2.]  A true and correct copy of Plaintiff's Complaint is attached to the Declaration of Christopher Ward as Exhibit A.

2.      The Complaint alleges a single cause of action under the California Private Attorneys' General Act ("PAGA"), which is premised on the following alleged violations of the California Labor Code: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay Overtime Wages; (4) Failure to Pay Minimum Wages; (5) Failure to Permit Inspection of Records; (6) Failure to Timely Pay Wages; (7) Failure to Pay All Wages Upon Termination; (8) Failure to Provide Accurate Itemized Wage Statements; and (9) Failure to Reimburse.

3.      A true and correct copy of the state court docket in the Superior Court of California, County of Los Angeles is attached to the Ward Declaration as Exhibit C.

1      4.      As demonstrated below, this Court has original jurisdiction over Plaintiff's

2   claims.

3   **I.      THIS ACTION IS SUBJECT TO REMOVAL ON THE BASIS OF**

4   **FEDERAL QUESTION JURISDICTION**

5      5.      Plaintiff was employed by Defendant ASIG, but has no employment

6   relationship with either Air Menzies International (USA), Inc. or Menzies Aviation

7   (USA), Inc.  [Ward Decl, ¶7.]

8      6.      During his employment with ASIG, Plaintiff was a member of and

9   represented by TEAMSTERS LOCAL #986 (the "Union").  [*See* Ward Decl., ¶8.]

10      7.      Defendant ASIG and the Union representing Plaintiff are parties to a

11  collective bargaining agreement and related memorandums of agreement (the "CBA")

12  that was and remain in force for the duration of Plaintiff's employment.  [Ward Decl.,

13  ¶8.]  The CBA contains a "complete agreement on wages, hours of work, [and] working

14  conditions," for employees, including Plaintiff during his employment.  [Ward Decl.,¶8,

15  Exhibit D, p. 2.]

16      8.      Specifically, the CBA contains express provisions regarding overtime

17  provisions and when and how employees covered by the CBA are entitled to premium

18  wages for hours worked in excess of certain daily and weekly thresholds.  [Ward Decl.,

19  ¶8, Exhibit D, pp. 8-9, 19.]  The CBA also contains provisions pertaining to meal periods.

20  [Ward Decl., ¶8, Exhibit D, p. 10]  Additionally, the CBA contains provisions regarding

21  payment of costs to covered employees associated with potential expenses associated

22  with wearing and maintaining employee uniforms.  [Ward Decl., ¶8, Exhibit D, p. 16.]

23      9.      California Labor Code § 510 establishes California's requirement for

24  payment of overtime wages for hours of work in excess of eight in one day and/or 40 in

25  one week.  However, Section 514 of the Labor Code provides that Section 510's

26  requirements "do not apply to an employee covered by a valid collective bargaining

27  agreement if the agreement expressly provides for the wages, hours of work, and working

28  conditions of the employees, and if the agreement provides premium wage rates for all

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
-2-                    Case No. 2:21-cv-07108

1    overtime hours worked."

2        10.    Labor Code Section 512(d) also states that if an employee is covered by a

3    valid collective bargaining agreement that provides for meal periods and includes a

4    monetary remedy if the employee does not receive a meal period required by the

5    agreement, then the terms, conditions and remedies of the collective bargaining

6    agreement pertaining to meal periods apply in lieu of the otherwise applicable provisions

7    pertaining to meal periods in Labor Code § 226.7(a) and Industrial Welfare Commission

8    Wage Orders 11 and 12.

9        11.    The CBA expressly provides for wages, hours of work and working

10   conditions of covered employees, and further provides for premium wages for overtime

11   hours.  [Ward Decl., ¶8, Exhibit D, pp. 8-9, 19.]  Accordingly, per the express provisions

12   of Labor Code § 514, the overtime requirements of Labor Code § 510 do not apply to

13   Plaintiff and other similarly situated individuals he seeks to represent who are covered by

14   the CBA.  Plaintiff's overtime claims thus necessarily implicate and require interpretation

15   of the CBA's provisions.

16       12.    The CBA also addresses employee meal period rights and creates remedies

17   for all violations of CBA-covered rights such as meal periods.  [Ward Decl., ¶8, Exhibit

18   D, p. 9.]  Accordingly, per the express provisions of Labor Code § 512(d), Labor Code §

19   226.7(a) and the meal period provisions of Wage Orders 11 and 12 do not apply to

20   Plaintiff or to other similarly situated individuals he seeks to represent who are covered

21   by the CBA.

22       13.    Plaintiff alleges that Defendants failed to properly pay overtime to himself

23   and others under the requirements of Labor Code § 510.  However, Plaintiff's overtime

24   allegations are not dependent exclusively upon the state overtime rights created by Labor

25   Code § 510.  Rather, because California's statutory overtime provisions do not apply to

26   employees covered by a collective bargaining agreement that independently addresses

27   overtime hours and premium pay, Plaintiff's allegations of improper overtime pay are in

28   actuality allegations of failure to abide by the terms of the CBA.  *See Firestone v. So.*

4848-2906-7001.1

*Cal. Gas Co.*, 219 F.3d 1063, 1068 (9th Cir. 2000) (noting that where employees have opted out of California's overtime provisions through a collective bargaining agreement, a claim for unpaid overtime is preempted by the LMRA); *see also McCray v. Marriott Hotel Services, Inc.*, 902 F.3d 1005 (2018) (the preemptive force of the Railway Labor Act is "virtually identical" to that of the LMRA); *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994) (holding that the preemption standard under Section 301 of the LMRA is also appropriate for addressing questions of RLA preemption).

14.     Further, Plaintiff alleges that Defendants failed to properly provide meal periods to him and others under the requirements of Labor Code §§ 226.7(a) and 512, as well as Wage Order 10.[1]  However, Plaintiff's meal period allegations are not dependent exclusively upon the meal period rights created by these provisions.  Rather, because California's statutory meal period penalty provisions can be modified for employees covered by a collective bargaining agreement that independently addresses penalty and premium pay, Plaintiff's allegations of improper meal periods and associated alleged penalties are in actuality allegations of failure to abide by the terms of the CBA.

15.     Labor Code § 2802 additionally requires that employers indemnify employees for all necessary expenditures incurred by the employee in direct discharge of the employee's duties.  However, the California Supreme Court has expressly recognized that under Labor Code § 2802, the reimbursement of employee-incurred expenses may be properly the subject of negotiation and agreement between the employer and employees provided that the agreement provides reimbursement for anticipated employee expenses. *See Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 569-70 (2007).

16.     Plaintiff alleges that Defendants failed to indemnify him and others for expenses including expenses relating to uniform use.  The CBA expressly provides that ASIG will furnish and maintain all uniforms, including the laundering thereof, at no cost to employees, as well as provide a sufficient supply of gloves.  In accordance with

---

[1] Defendants dispute these factual allegations and Plaintiff's assertions of law, including the specific Wage Order which he contends applies to his individual situation.

1    *Gattuso*, employees such as Plaintiff have negotiated terms and conditions related to

2    potential expenses associated with wearing and maintaining employee uniforms.  [Ward

3    Decl., ¶8, Exhibit D, p. 16.]  Plaintiff's reimbursement claims thus necessarily implicate

4    and require interpretation of the CBA's provisions.

5         17.    The RLA creates "a comprehensive framework for resolving labor disputes"

6    in the rail and airline industries.  *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252

7    (1994). Within this framework, labor disputes are first categorized as "representation,"

8    "major," or "minor," according to their subject matter, then assigned to a corresponding

9    dispute-resolution mechanism.  *See W. Airlines, Inc. v. Int'l Bhd. of Teamsters*, 480 U.S.

10   1301, 1302-03 (1987) (O'Connor, J., in chambers).

11        18.    State law claims are minor disputes under the RLA where they are those

12   "growing out of grievances or . . . the interpretation or application of agreements

13   covering rates of pay, rules, or working conditions."  45 U.S.C. § 151a; *Consol. Rail*

14   *Corp. v. Ry. Labor Execs.' Ass'n (Conrail)*, 491 U.S. 299, 303 (1989).

15        19.    The United States Supreme Court has stated that federal law should govern

16   actions concerning the interpretation and enforcement of collective bargaining

17   agreements.  *See Steelworkers v. Rawson,* 495 U.S. 362, 368 (1990); *Textile Workers v.*

18   *Lincoln Mills*, 353 U.S. 448 (1957).  The RLA preempts state law claims that are based

19   upon, or require interpretation of, a collective bargaining agreement.  *Matson v. United*

20   *Parcel Serv., Inc.*, 840 F.3d 1126, 1132-33 (9th Cir. 2016); *Kobold v. Good Samaritan*

21   *Reg'l Med. Ctr.*, 832 F.3d 1024, 1032-33 (9th Cir. 2016); *Allis-Chalmers Corp. v. Lueck*,

22   471 U.S. 202, 220 (1985); *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th

23   Cir. 2001) (en banc).  Furthermore, because the RLA preempts state law claims that

24   allege a violation of or require interpretation of a collective bargaining agreement, the

25   United States District Court has original jurisdiction over such claims and state law

26   actions may be properly removed to federal court.  *See, e.g.*, *Moore-Thomas v. Alaska*

27   *Airlines, Inc.*, 553 F.3d 1241, 1243-1244 (9th Cir. 2009)

28        20.    In the present matter, because payment of overtime, meal periods and

4848-2906-7001.1

1    potential penalties are subjects of the CBA as is proper under Labor Code §§ 226.7(a),

2    512(d) and 514, Plaintiff's claims for failure to pay proper overtime and meal periods are

3    dependent upon proof of a violation of the terms of the CBA with respect to both himself

4    and all others who he seeks to represent covered by the CBA.  The issue of whether

5    Plaintiff and others have been paid proper overtime and/or for alleged missed or

6    otherwise allegedly unlawful meal periods thus cannot be resolved without interpreting

7    the overtime provisions of the CBA itself.

8          21.    Additionally, the CBA expressly addresses employee related expenses,

9    including uniform expenses.  To determine whether Plaintiff has any possible claim

10    under Labor Code § 2802, interpretation of the CBA will be required to assess whether

11    the expenses claimed by Plaintiff and those he seeks to represent are covered by the

12    provisions of the CBA.  Plaintiff's alleged failure to indemnify employee expenses

13    allegations thus cannot be resolved without reference to, and interpretation and

14    application of, the reimbursement and employee expense provisions of the CBA

15          22.    Further, in addition to the employees subject to the CBA, various employee

16    groups working for one or more Defendants in California are covered by collective

17    bargaining agreements that have been negotiated with several different unions – separate

18    and apart from the CBA applicable to Plaintiff and other employees who work at Los

19    Angeles International Airport – which also address wages, hours, and other terms and

20    conditions of employment.  [Ward Decl., ¶8, Exhibit D.]

21          23.    Because Plaintiff's overtime, meal period and expense indemnification

22    claims each require interpretation of the CBA, those claims are preempted by the RLA

23    and this Court has original federal question jurisdiction over such claims.  *Rawson,* 495

24    U.S. at 368; *Lueck*, 471 U.S. at 220; *Cramer*, 255 F.3d at 693.  This Court likewise has

25    original federal jurisdiction over the alleged overtime, meal period and expense

26    indemnification class claims Plaintiff purports to bring on behalf of other of Defendants'

27    employees covered by different collective bargaining agreements.  Removal of such

28    claims is thus proper under 28 U.S.C. §§ 1331 and 1441 as one in which the federal

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
-6-                     Case No. 2:21-cv-07108

district courts have original jurisdiction.  *Ramirez*, 998 F.2d at 747.

24.     Because this Court has original jurisdiction over Plaintiff's overtime, meal period and reimbursement claims, it further has jurisdiction over the entire action because, where a plaintiff brings both preempted and non-preempted state law claims as part of the same action, the non-preempted state law claims are also properly removable under 28 U.S.C. § 1367.  *See Beneficial Nat'l Bank v. Anderson*, 535 U.S. 1, 8 n.3 (2003).

25.     The mechanisms prescribed by the RLA are the sole method for adjudicating minor disputes. *Id.* at 516.  Accordingly, Plaintiffs' claims are preempted by the RLA and are removable to federal court under 28 U.S.C. § 1331.  *See, e.g., Hammond v. Terminal R.R. Ass'n of St. Louis,* 848 F.2d 95, 97 (7th Cir. 1988) (holding that plaintiff's claim under state law was actually a minor dispute and was properly removed to federal court).

25.     Removal of entire Complaint is thus proper under 28 U.S.C. §§ 1331, 1367 and 1441 as one in which the federal district courts have original jurisdiction.  *Ramirez*, 998 F.2d at 747.

## II.     THIS NOTICE OF REMOVAL IS TIMELY

26.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because this removal is being filed within 30 days of service of the Complaint.

## III.     THE OTHER REQUIREMENTS FOR REMOVAL ARE MET

27.     Removal to this Court is proper as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within this district.

28.     Defendants believe that the documents contained in Exhibit A to the Ward Declaration comprise the complete record of filings made in the Superior Court of California, County of Los Angeles.

29.     This Court has original jurisdiction over all causes of action alleged in this matter pursuant to the provisions of 28 U.S.C. § 1332 and the entire action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

1  30.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this

2  removal with the clerk of the Superior Court for the State of California, County of Los

3  Angeles.  Copies of the Notice of Removal are also being served on Plaintiff's counsel

4  pursuant to 28 U.S.C. § 1446(d).

5  31.     Wherefore, Defendants pray that this action be removed from the Superior

6  Court of California, County of Los Angeles to the United States District Court for the

7  Central District of California, and for such further relief as may be just and proper.

8  32.     This Notice of Removal is filed subject to and with full reservation of rights,

9  including but not limited to, defenses and objections to venue, improper service of

10 process, and personal jurisdiction.  No admission of fact, law or liability is intended by

11 this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

12

13

14 DATED:  September 2, 2021                    **FOLEY & LARDNER LLP**
Christopher Ward
15                                             Kevin Jackson

16

17
                                               /s/ Christopher Ward
18                                             Christopher Ward
Attorneys for Defendants AIRCRAFT
19                                             SERVICE INTERNATIONAL, INC.,
AIR MENZIES INTERNATIONAL
20                                             (USA), INC., and MENZIES
AVIATION (USA), INC.

21

22

23

24

25

26

27

28

4848-2906-7001.1