| | |
|---|---|
| 1 | CHRISTOPHER WARD, CA Bar No. 238777 |
| 2 |    cward@foley.com<br>**FOLEY & LARDNER LLP** |
| 3 | 555 SOUTH FLOWER STREET, SUITE 3300<br>LOS ANGELES, CA 90071-2418 |
| 4 | TELEPHONE: 213.972.4500<br>FACSIMILE:  213.486.0065 |
| 5 | KEVIN JACKSON, CA Bar No. 278169 |
| 6 |    kjackson@foley.com<br>**FOLEY & LARDNER LLP** |
| 7 | 11988 EL CAMINO REAL, SUITE 400<br>SAN DIEGO, CA 92130-2594 |
| 8 | TELEPHONE: 858.847.6700<br>FACSIMILE:  858.792.6773 |
| 9 | Attorneys for Defendants AIRCRAFT |
| 10 | SERVICE INTERNATIONAL, INC.,<br>AIR MENZIES INTERNATIONAL |
| 11 | (USA), INC., and MENZIES<br>AVIATION (USA), INC. |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>             Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No. 2:21-cv-07108<br><br>**DECLARATION OF CHRISTOPHER WARD IN SUPPORT OF DEFENDANTS AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., AND MENZIES AVIATION (USA), INC.'S NOTICE OF REMOVAL OF ACTION (FEDERAL QUESTION JURISDICTION)**<br><br>Filed concurrently with:<br><br>i.    Notice of Removal;<br>ii.   Civil Cover Sheet;<br>iii.  Disclosure Statement and Certification and Notice Interested Parties; and<br>iv.  Proof of Service |

# DECLARATION OF CHRISTOPHER WARD

I, Christopher Ward, declare as follows:

1. I am a partner at Foley & Lardner LLP, counsel of record for Defendants Aircraft Service International, Inc. ("ASIG"), Air Menzies International (USA), Inc., and Menzies Aviation (USA), Inc. (hereinafter referred to as "Defendants") in the above-captioned action. I am admitted to practice in the United States District Court for the Central District of California. I have personal knowledge of each of the facts set forth below, and if called to testify, could and would testify competently thereto.

2. Defendants informed me that Plaintiff Danny Lopez ("Plaintiff") personally served the Complaint on or about August 3, 2021.

3. A true and correct copy of the Complaint, and all other process and pleadings filed with the Los Angeles Superior Court, Case No. 21STCV26797 are attached hereto as **Exhibit A.**

4. Defendant filed and served its Answer to Complaint in the Los Angeles Superior Court on September 1, 2021. A true and correct copy of the Answer to Complaint is attached hereto as **Exhibit B**.

5. A true and correct copy of the docket in the Superior Court of California, County of Los Angeles is attached hereto as **Exhibit C.**

6. Defendants are filing with the Clerk of the Los Angeles Superior Court, in which this action is currently pending, a Notice of Filing Notice of Removal, together with this Notice of Removal and supporting documents, pursuant to 28 U.S.C. § 1446(d). The Notice of Filing Notice of Removal together with this Notice of Removal are also being served on Plaintiff pursuant to 28 U.S.C. § 1446(d).

7. In conjunction with ASIG's human resources leadership, I reviewed ASIG's documents related to the allegations in the Complaint. From those documents, I have ascertained that Plaintiff was employed by Defendant ASIG, but has no employment relationship with either Air Menzies International (USA), Inc. or Menzies Aviation (USA), Inc.

8. For all times relevant to this Action, the TEAMSTERS LOCAL #986 (the "Union") has served as the sole and exclusive bargaining agent for the purposes of collective bargaining with many ASIG employees at Los Angeles International Airport, including Plaintiff during his employment with ASIG. ASIG and the Union are both parties to a collective bargaining agreement ("CBA") under the Railway Labor Act that was ratified by the Union's members. A true and correct copy of the CBA is attached hereto as **Exhibit D**. Pursuant to the terms of the Railway Labor Act and its own terms, the CBA became amendable on June 30, 2017 and continued to be extended since that time. The CBA attached as **Exhibit D** remains the operative CBA governing the terms and conditions of covered ASIG employees at LAX, including Plaintiff. Further, in addition to the employees subject to the CBA, various employee groups working for one or more Defendants in California are covered by collective bargaining agreements that have been negotiated with several different unions – separate and apart from the CBA applicable to Plaintiff and other employees who work at Los Angeles International Airport – which also address wages, hours, and other terms and conditions of employment.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on September 2, 2021, at Los Angeles, California.

/s/ Christopher Ward
Christopher Ward