# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/21/2021 12:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

Case 2:21-cv-07103-DMG-E Document 1-2 Filed 09/02/21 Page 2 of 30 Page ID #:14

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  |  |
|---|---|
| **NOTICE TO DEFENDANT:** AIRCRAFT SERVICE INTERNATIONAL, INC., a *(AVISO AL DEMANDADO):* corporation; AIR MENZIES INTERNATIONA (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive, <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** DANNY LOPEZ, individually, *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and on behalf of all other aggrieved employees, | *FOR COURT USE ONLY* *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

|  |  |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> Superior Court of California, County of Los Angeles <br> 111 North Hill Street <br> Los Angeles, California 90012 | **CASE NUMBER:** *(Número del Caso):* <br> **21STCV26797** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Matthew Matern *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266

| DATE: 07/21/2021 | Clerk, By | M. Barel | , Deputy |
|---|---|---|---|
| *(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court *(Secretario)* | (310) 531-1900 | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder™

Exhibit A - Page 3

SUM-200(A)

| SHORT TITLE: Danny Lopez v. Aircraft Service International, Inc., et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☐ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Page ___1___ of ___1___

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
**Attachment to Summons**

Westlaw Doc & Form Builder™

Electronically FILED by Superior Court of California, County of Los Angeles on 07/21/2021 12:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Max Sloves (SBN 217676)
Email: msloves@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff DANNY LOPEZ
individually, and on behalf of all other
aggrieved employees

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 21STCV26797<br><br>**COMPLAINT FOR VIOLATION OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004**<br><br>[California Labor Code § 2698, *et seq.*]<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF DANNY LOPEZ ("PLAINTIFF"), individually and on behalf of all other aggrieved employees, demanding a jury trial, hereby alleges as follows:

## INTRODUCTION

1.      PLAINTIFF brings this action on behalf of himself and all other aggrieved employees of Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50 inclusive, (collectively, "DEFENDANTS") to recover penalties arising from unpaid wages earned and due, including but not limited to unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged or quitting employees, failure to maintain required records, failure to provide accurate itemized wage statements, failure to timely pay wages during employment, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties.

## JURISDICTION AND VENUE

2.      The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California and DEFENDANTS are citizens and residents of, and/or regularly conduct business in California.   Further, no federal question is at issue because the claims are based solely on California law.

3.      Venue is proper in this judicial district and the County of LOS ANGELES, California because PLAINTIFF and other aggrieved employees performed work for DEFENDANTS in the County of LOS ANGELES and many of DEFENDANTS' unlawful actions and omissions, as set forth herein, occurred in the County of LOS ANGELES.

## PARTIES

4.      PLAINTIFF DANNY LOPEZ is a resident of the State of California.  At times material to this complaint, PLAINTIFF was employed by DEFENDANTS as a non-exempt employee within the State of California.

///

///

5.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC. is, and at all times relevant hereto was, a corporation authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, upon information and belief, DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC., maintains offices and conducts business in the County of LOS ANGELES, State of California.

6.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT AIR MENZIES INTERNATIONAL (USA), INC. is, and at all times relevant hereto was, a corporation authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT AIR MENZIES INTERNATIONAL (USA), INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of LOS ANGELES, State of California.

7.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT MENZIES AVIATION (USA), INC. is, and at all times relevant hereto was, a corporation authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, upon information and belief, DEFENDANT MENZIES AVIATION (USA), INC., maintains offices and conducts business in the County of LOS ANGELES, State of California.

8.      The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and other aggrieved employees' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants.  PLAINTIFF will seek leave of the court to amend this complaint to allege the true names and capacities of such DOE defendants when ascertained.

9.      At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and other aggrieved employees.  PLAINTIFF is informed and believes, and thereon

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

3

REPRESENTATIVE ACTION COMPLAINT

Exhibit A - Page 7

alleges, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each defendant was completely dominated by his, her, or its co-defendant, and each was the alter ego of the other.

10.    At all relevant times herein, PLAINTIFF and other aggrieved employees were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and other aggrieved employees all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to timely pay wages during employment; failing to properly compensate PLAINTIFF and other aggrieved employees for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code ("Labor Code") and the applicable Industrial Welfare Commission ("IWC") Wage Order.

11.    PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

**PAGA REPRESENTATIVE ACTION ALLEGATIONS**

12.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698-2699.5, PLAINTIFF brings this action on behalf of himself and all current and former non-exempt aggrieved employees of DEFENDANTS in the State of California at any time within the period beginning one (1) year and sixty five (65) days prior to the filing of this action, and ending at the time this action settles or proceeds to final judgment ("PENALTY

PERIOD").

13. Pursuant to Labor Code § 2699.3, PLAINTIFF gave written notice on February 11, 2021, by online submission to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. PLAINTIFF has not received any response from the LWDA. As PLAINTIFF has waited more than sixty-five (65) days from the February 11, 2021 date of PLAINTIFF'S written notice before filing this action, PLAINTIFF has complied with all of the requirements set forth in Labor Code § 2699.3 to commence a representative action under PAGA.

## FACTUAL ALLEGATIONS

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 11]

14. During the PENALTY PERIOD, as part of DEFENDANTS' illegal policies and practices to deprive their current and former non-exempt employees of all wages earned and due, DEFENDANTS required, suffered or permitted PLAINTIFF and other aggrieved employees to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and other aggrieved employees pursuant to Labor Code §§ 226.7 and 512 and IWC Order No. 9-2001, § 11.

15. DEFENDANTS further violated Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9-2001, § 11 by failing to compensate PLAINTIFF and other aggrieved employees who were not provided with a meal period, in accordance with the applicable IWC Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7; IWC Wage Order No. 9-2001, § 12]

16. At all times relevant herein, as part of DEFENDANTS' illegal policies and practices to deprive their current and former non-exempt employees of all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and other aggrieved employees as

1    required under Labor Code § 226.7, and IWC Wage Order No. 9-2001, § 12.

2        17.    DEFENDANTS further violated Labor Code § 226.7 and IWC Wage Order No. 9-

3    2001, § 12 by failing to pay PLAINTIFF and other aggrieved employees who were not provided

4    with a rest period, in accordance with the applicable IWC Wage Order, one additional hour of

5    compensation at each employee's regular rate of pay for each workday that a rest period was not

6    provided.

7                        **Failure to Pay Overtime Wages**

8        **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 9-2001, § 3]**

9        18.    Pursuant to Labor Code §§ 510 and 1194 and IWC Wage Order No. 9-2001, § 3,

10   DEFENDANTS are required to compensate PLAINTIFF and other aggrieved employees for all

11   overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours

12   worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first

13   eight (8) hours on the seventh consecutive workday, with double time for all hours worked in

14   excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours

15   on the seventh consecutive day of work in any workweek.

16       19.    PLAINTIFF and other aggrieved employees are current and former non-exempt

17   employees of DEFENDANTS entitled to the protections of Labor Code §§ 510 and 1194 and

18   IWC Wage Order No. 9-2001.   During the PENALTY PERIOD, DEFENDANTS failed to

19   compensate PLAINTIFF and other aggrieved employees for all overtime hours worked as

20   required under the foregoing provisions of the Labor Code and IWC Wage Order by, among other

21   things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as

22   provided by Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3; requiring,

23   suffering or permitting PLAINTIFF and other aggrieved employees to work off the clock;

24   requiring, permitting or suffering PLAINTIFF and other aggrieved employees to work through

25   meal breaks; illegally and inaccurately recording time in which PLAINTIFF and other aggrieved

26   employees worked; failing to properly maintain PLAINTIFF'S and other aggrieved employees'

27   records; failing to provide accurate itemized wage statements to PLAINTIFF and other aggrieved

28   employees for each pay period; and other methods to be discovered. DEFENDANTS further

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

6                                            REPRESENTATIVE ACTION COMPLAINT
Exhibit A - Page 10

violated PAGA by knowingly and willfully failing to perform their obligations to compensate PLAINTIFF and other aggrieved employees sick pay at one and one-half (1 ½) the regular rate of pay as required by Labor Code § 246.

20.     DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and other aggrieved employees for all wages earned and all hours worked in violation of Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 9-2001, § 3.

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4]**

21.     Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

22.     During the PENALTY PERIOD and in violation of California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 9-2001, § 4, DEFENDANTS failed to pay PLAINTIFF and other aggrieved employees the applicable minimum wages for all hours worked in a payroll period by, among other things: requiring, suffering or permitting PLAINTIFF and other aggrieved employees to work off the clock; requiring, suffering or permitting PLAINTIFF and other aggrieved employees to work through meal breaks; illegally and inaccurately recording time in which PLAINTIFF and other aggrieved employees worked; failing to properly maintain PLAINTIFF's and other aggrieved employees' records; failing to provide accurate itemized wage statements to PLAINTIFF and other aggrieved employees for each pay period; and other methods to be discovered.

**Failure to Permit Employees to Inspect or Receive Copy of Records**

**[Cal Labor Code §§ 226(b), 226(c)]**

23.     Pursuant to Labor Code § 226, subdivision (a), all deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

24.     Pursuant to Labor Code § 226, subdivision (b), DEFENDANTS are required to keep and maintain information required by Labor Code § 226, subdivision (a), and must afford current and former employees the right to inspect or receive a copy of records pertaining to their employment, upon reasonable request to the employer.

25.     Pursuant to Labor Code § 226, subdivision (c), upon receipt of a written or oral request to inspect or receive a copy of records pursuant to subdivision (b) pertaining to a current or former employee, DEFENDANTS must comply with the request as soon as practicable but no later than 21 calendar days from the date of the request.

26.     During the PENALTY PERIOD and in violation of Labor Code § 226, DEFENDANTS knowingly and willfully failed to timely permit PLAINTIFF and other aggrieved employees, upon reasonable request, to inspect records described in Labor Code section 226, subdivision (b), that DEFENDANTS were required to maintain under subsection (a).

### Failure to Timely Pay Wages During Employment

### [Cal. Labor Code § 204]

27.     Pursuant to California Labor Code § 204, for all labor performed between the 1st and 15th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 1st and 10th day of the following calendar month.  In addition, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

28.     During the PENALTY PERIOD, DEFENDANTS knowingly and willfully failed to timely pay PLAINTIFF and other aggrieved employees all the wages for labor performed by the next regular payroll period as required by California Labor Code § 204.

///

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN

8                                    REPRESENTATIVE ACTION COMPLAINT

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

29.     Pursuant to Labor Code § 201, 202 and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

30.     Furthermore, pursuant to Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

31.     Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

32.     During the PENALTY PERIOD and in violation of Labor Code §§ 201 and 202, DEFENDANTS willfully failed to timely pay accrued wages and other compensation to PLAINTIFF and other aggrieved employees who were discharged or quit his or her employment.

**Failure to Maintain Required Records**

**[Cal. Labor Code §§ 226(a), 1174(d); IWC Wage Order No. 9-2001, § 7]**

33.     During the PENALTY PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and other aggrieved employees of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under Labor Code §§ 226(a) and 1174(d) and IWC Wage Order No. 9-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

///

///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

9                    REPRESENTATIVE ACTION COMPLAINT

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code § 226(a); IWC Wage Order No. 9-2001, § 7]**

34.     During the PENALTY PERIOD, DEFENDANTS routinely failed and continue to fail to provide PLAINTIFF and other aggrieved employees with timely and accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, all deductions made, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and only the last four digits of his or her social security number or employee identification number, the name and address of the legal entity or entities employing PLAINTIFF and other aggrieved employees, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226(a) and IWC Wage Order No. 9-2001 § 7.

35.     During the PENALTY PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and other aggrieved employees with timely and accurate itemized wage statements in accordance with Labor Code § 226(a).

36.     During the PENALTY PERIOD, PLAINTIFF and other aggrieved employees suffered injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements as PLAINTIFF and other aggrieved employees could not promptly and easily determine  from the wage statement alone one or more of the following:  the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and other aggrieved employees, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

**Failure to Indemnify for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

37.     Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

10

REPRESENTATIVE ACTION COMPLAINT

Exhibit A - Page 14

38.    During the PENALTY PERIOD, DEFENDANTS failed to indemnify PLAINTIFF and other aggrieved employees for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, in violation of Labor Code § 2802.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT

### [Cal. Labor Code § 2698, *et seq.*]

### (Against All DEFENDANTS)

39.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 38

40.    PLAINTIFF is an "aggrieved employee" within the meaning of Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former non-exempt employees of DEFENDANTS pursuant to the procedures specified in Labor Code § 2699.3, because PLAINTIFF is employed by DEFENDANTS and one or more of the alleged Labor Code violations was committed against PLAINTIFF during the PENALTY PERIOD.

41.    PLAINTIFF seeks to recover civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal.4th 969.  Thus, class certification is not required.

42.    Pursuant to Labor Code §§ 2698-2699.5, PLAINTIFF seeks to recover civil penalties from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of Labor Code §§ 201, 202, 203, 204, 226(a), 226(b), 226(c), 226.7, 510, 512, 1174(d), 1194, 1197, 1198, and 2802.

43.    Pursuant to Labor Code § 2699(a), PLAINTIFF seeks civil penalties for DEFENDANTS' violations of Labor Code provisions for which a civil penalty is specifically provided, including but not limited to the following:

a.    Pursuant to Labor Code § 210, for violations of Labor Code § 204, DEFENDANTS are subject to a civil penalty in the amount of one hundred

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

11

REPRESENTATIVE ACTION COMPLAINT

dollars ($100) for the initial violation for each failure to pay each employee and two hundred dollars ($200) per employee for violations in subsequent pay periods.

b.  Pursuant to Labor Code § 226(f), for violations of Labor Code § 226(c), DEFENDANTS are subject to a civil penalty in the amount of seven hundred and fifty dollars ($750) per aggrieved employee for each failure to permit a current or former employee to inspect or receive a copy of records within 21 days of a reasonable request.

c.  Pursuant to Labor Code § 226.3, for violations of Labor Code § 226(a), DEFENDANTS are subject to a civil penalty in the amount of two hundred and fifty dollars ($250) per aggrieved employee for the initial pay period where a violation occurs and one thousand dollars ($1,000) per aggrieved employee for violations in subsequent pay periods.

d.  Pursuant to Labor Code § 558(a), "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission," including Labor Code §§ 510 and 512, shall be subject to a civil penalty, in addition to any other penalty provided by law, of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid and one hundred dollars ($100) for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid.  In addition, PLAINTIFF seeks civil penalties in the amount sufficient to recover unpaid wages owed to aggrieved employees pursuant to Labor Code § 558(a).

e.  Pursuant to Labor Code § 1174.5, for violations of Labor Code § 1174(d), DEFENDANTS are subject to a civil penalty of five hundred dollars ($500).

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN

12                    REPRESENTATIVE ACTION COMPLAINT

f.    Pursuant to Labor Code § 1197.1, an employer who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission, shall be subject to a civil penalty as follows: for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid; and for each subsequent violation of the same offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation was intentionally committed.

44.    Labor Code § 2699(f) provides that for all Labor Code violations for which a civil penalty is not specifically provided, the following civil penalties are established: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. PLAINTIFF seeks such civil penalties under Labor Code § 2699(f) for DEFENDANTS' violations of Labor Code provisions for which a civil penalty is not specifically provided, including but not limited to Labor Code §§ 201, 202, 203, 226.7, 1194, 1197, 1198, and 2802.

45.    PLAINTIFF additionally seeks reasonable attorney's fees and costs pursuant to Labor Code § 2699(g)(1).

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, individually and on behalf of all other aggrieved employees, pray for relief against DEFENDANTS as follows:

1.    For civil penalties according to proof, including but not limited to the amount of any unpaid wages of PLAINTIFF and other aggrieved employees and all penalties authorized by the Labor Code §§ 210, 226(f), 226.3, 558, 1174.5, 1197.1, and 2699(a) and (f);

2.    For interest at the legal rate pursuant to Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

13                    REPRESENTATIVE ACTION COMPLAINT

3.      For reasonable attorney's fees and costs pursuant to Labor Code § 2699(g) and/or any other applicable provisions providing for attorney's fees and costs; and

4.      For such further relief that the Court may deem just and proper.


DATED: July 21, 2021                          Respectfully submitted,

                                              **MATERN LAW GROUP, PC**


                                      By: _____

                                              Matthew J. Matern
                                              Tagore O. Subramaniam
                                              Max N. Sloves
                                              Attorneys for Plaintiff DANNY LOPEZ,
                                              individually, and on behalf of all other
                                              aggrieved employees

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

14                    REPRESENTATIVE ACTION COMPLAINT

Exhibit A - Page 18

1

**DEMAND FOR JURY TRIAL**

2      PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3

DATED: July 21, 2021                          Respectfully submitted,

4
                                              **MATERN LAW GROUP, PC**
5

6                                    By:

7                                        _____

8                                        Matthew J. Matern
                                         Tagore O. Subramaniam
9                                        Max N. Sloves
                                         Attorneys for Plaintiff DANNY LOPEZ
10                                       individually, and on behalf of other
                                         aggrieved employees
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN                                        15            REPRESENTATIVE ACTION COMPLAINT

Exhibit A - Page 19

Electronically FILED by Superior Court of California, County of Los Angeles on 07/21/2021 12:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Case 2:21-cv-07108-DMG-E    Document 1    Filed 09/02/21    Page 19 of 30    Page ID #:31

**CM-010**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Matthew Matern; Tagore Subramaniam; Max Sloves    SBN:159798; 280126; 217676
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266
TELEPHONE NO.: (310) 531-1900    FAX NO.: (310) 531-1901
ATTORNEY FOR *(Name):* Plaintiff Danny Lopez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Danny Lopez v. Aircraft Service International, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited** [ ] **Limited** (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 21STCV26797 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary    b. [X] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [ ] is [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:    July 21, 2021

Matthew J. Matern
_____
(TYPE OR PRINT NAME)    ►    _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov Westlaw Doc & Form Builder™ |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Danny Lopez v. Aircraft Service International, Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Exhibit A - Page 22

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Gabriela Valdez v. Optum, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: Danny Lopez v. Aircraft Service International, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**
Exhibit A - Page 24

| SHORT TITLE: Danny Lopez v. Aircraft Service International, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:**<br><br>☐ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>5720 Avion Dr. |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90045 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: July 21, 2021 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**
Exhibit A - Page 25

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/21/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Barel _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV26797 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Stephanie M. Bowick | 19 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/21/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit A - Page 26

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 07/28/2021 Sherri R. Carter, Executive Officer / Clerk of Court By: C. Lam Deputy |
| PLAINTIFF: Danny Lopez | |
| DEFENDANT: Aircraft Service International, Inc. et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 21STCV26797 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 01/03/2022 | Time: 8:30 AM | Dept.: 19 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC, Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 07/28/2021

_____
Stephanie M. Bowick / Judge
Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Matthew Matern
1230 Rosecrans Avenue Suite 200

Manhattan Beach, CA 90266

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 07/28/2021

By C. Lam_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF CASE MANAGEMENT CONFERENCE**
Exhibit A - Page 28

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

Electronically FILED by Superior Court of California, County of Los Angeles on 08/11/2021 05:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mora, Deputy Clerk

Case 2:21-cv-07108-DMG-E   Document 1-2   Filed 09/02/21   Page 28 of 30   Page ID #:40

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew Matern, 159798<br>Matern Law Group PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>**TELEPHONE NO.:** (310)531-1900<br>ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Los Angeles County<br>111 N. Hill Street<br>Los Angeles, CA 90012-3117 |

| PLAINTIFF/PETITIONER: Danny Lopez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Aircraft Service International, Inc., et al. | 21STCV26797 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>21STCV26797 |
|---|---|

## BY FAX

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

   Complaint, Summons, Civil Case Cover Sheet and Addendum, Order, Stip, ADR, Notice of Case Assignment

3. a. Party served:  Air Menzies International (USA), Inc., a corporation

   b. Person Served: CSC - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
   Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 08/03/2021          (2) at   (time): 1:45PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Air Menzies International (USA), Inc., a corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:         Tyler Anthony DiMaria
   b. Address:      One Legal - P-000618-Sonoma
                    1400 North McDowell Blvd, Ste 300
                    Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 30.00
   e I am:
        (3)  registered California process server.
             (i)  Employee or independent contractor.
             (ii) Registration No.: 2006-06
             (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  08/03/2021

Tyler Anthony DiMaria
_____          _____
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 16697363

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew Matern, 159798<br>Matern Law Group PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>TELEPHONE NO.: (310)531-1900<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA 90012-3117

| PLAINTIFF/PETITIONER: Danny Lopez<br><br>DEFENDANT/RESPONDENT: Aircraft Service International, Inc., et al. | CASE NUMBER:<br>21STCV26797 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>21STCV26797 |

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

   Complaint, Summons, Civil Case Cover Sheet and Addendum, Order, Stip, ADR, Notice of Case Assignment

3. a. Party served:  Aircraft Service International, Inc., a corporation

   b. Person Served: CSC - Kaitlyn Mannix - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
   Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) on (date): 08/03/2021        (2) at  (time): 1:45PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Aircraft Service International, Inc., a corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:        Tyler Anthony DiMaria
   b. Address:     One Legal - P-000618-Sonoma
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 30.00
   e I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.: 2006-06
         (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  08/03/2021

Tyler Anthony DiMaria
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS**<br>Exhibit A - Page 30 | Code of Civil Procedure, § 417.10<br><br>OL# 16697362 |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 08/11/2021 05:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

Case 2:21-cv-07108-DMG-E    Document 1-2    Filed 09/02/21    Page 30 of 30    Page ID
#:42

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Matthew Matern, 159798<br>Matern Law Group PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>**TELEPHONE NO.:** (310)531-1900<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>Superior Court of California, Los Angeles County<br>111 N. Hill Street<br>Los Angeles, CA 90012-3117 |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Danny Lopez<br><br>DEFENDANT/RESPONDENT: Aircraft Service International, Inc., et al. | CASE NUMBER:<br>21STCV26797 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>21STCV26797 |

1.  At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**

2.  I served copies of:

Complaint, Summons, Civil Case Cover Sheet and Addendum, Order, Stip, ADR, Notice of Case Assignment

3.  a. Party served:  Menzies Aviation (USA), Inc., a corporation

    b. Person Served: CSC - Kaitlyn Mannix - Person Authorized to Accept Service of Process

4.  Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
                                        Sacramento, CA 95833

5.  I served the party
    a.  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on (date): 08/03/2021          (2) at  (time): 1:45PM

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    d.  on behalf of:

       Menzies Aviation (USA), Inc., a corporation
       under: CCP 416.10 (corporation)

7.  **Person who served papers**
    a.  Name:          Tyler Anthony DiMaria
    b.  Address:       One Legal - P-000618-Sonoma
                       1400 North McDowell Blvd, Ste 300
                       Petaluma, CA 94954

    c.  Telephone number: 415-491-0606
    d.  The fee for service was: $ 30.00
    e   I am:
        (3)  registered California process server.
             (i)  Employee or independent contractor.
             (ii)  Registration No.:2006-06
             (iii) County:  Sacramento

8.  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  08/03/2021

Tyler Anthony DiMaria
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | Code of Civil Procedure, § 417.10 |

**PROOF OF SERVICE OF SUMMONS**
Exhibit A - Page 31

OL# 16697364