# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 09/01/2021 03:36 PM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto, Deputy Clerk

CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
FOLEY & LARDNER LLP
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE:  213.486.0065

KEVIN JACKSON, CA Bar No. 278169
   kjackson@foley.com
FOLEY & LARDNER LLP
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE:  858.792.6773

Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., and MENZIES AVIATION (USA), INC.

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DANNY LOPEZ, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER AGGRIEVED EMPLOYEES, <br><br> PLAINTIFF, <br><br> V. <br><br> AIRCRAFT SERVICE INTERNATIONAL, INC., A CORPORATION; AIR MENZIES INTERNATIONAL (USA), INC., A CORPORATION; MENZIES AVIATION (USA), INC., A CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE, <br><br> DEFENDANT. | CASE NO: 21STCV26797 <br><br> ASSIGNED FOR ALL PURPOSES TO: HON. STEPHANIE M. BOWICK, DEPT. 19 <br><br> **DEFENDANTS AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., AND MENZIES AVIATION (USA), INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S REPRESENTATIVE ACTION COMPLAINT** <br><br> CASE FILED: JULY 21, 2021 |

Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., and MENZIES AVIATION (USA), INC. (collectively, "Defendants"), hereby answer the unverified Representative Action Complaint ("Complaint") filed by Plaintiff DANNY LOPEZ ("Plaintiff"), on behalf of the State of California as a private attorney general, on July 21, 2021, as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30, Defendants generally and specifically deny each and every allegation, statement, matter, and purported cause of action contained in the Complaint, and further denies that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

In further answer to Plaintiff's Complaint, and as separate and distinct defenses, Defendants allege as follows:

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint, and each and every purported cause of action set forth therein alleged against Defendants, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

2. Plaintiff's Complaint, and each purported cause of action asserted therein, fails to state facts sufficient to state any claim upon which relief can be granted.

## THIRD DEFENSE

### (Statute of Limitations)

3. Plaintiff's claims are time-barred, in whole or in part, by the applicable statute of limitations, including but not limited to common law; California Code of Civil Procedure sections 338, 340, 343; California Business & Professions Code section 17208; and California Labor section Code 226(a).

///

///

## FOURTH DEFENSE

### (Failure to Mitigate)

4. Plaintiff has failed to meet his burden, inasmuch as he has had, and continues to have, the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this litigation, and he has failed and refused to mitigate the damages.

## FIFTH DEFENSE

### (Failure to Exhaust)

5. Plaintiff has failed to meet his burden as the Complaint is barred by his failure to exhaust all administrative remedies and/or contractual remedies and/or is in improper forum, including, but not limited to those set forth in California Labor Code section 2699.3.

## SIXTH DEFENSE

### (Estoppel)

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH DEFENSE

### (Waiver)

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## EIGHTH DEFENSE

### (Laches)

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## NINTH DEFENSE

### (Uncertainty)

9. Plaintiff claims are barred, in whole or in part, because it cannot be ascertained from the Complaint the basis of any of the allegations stated therein.

## TENTH DEFENSE

### (No Damages or Injury)

10. Plaintiff's claims are barred, in whole or in part, because he has not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendants.

## ELEVENTH DEFENSE

### (Conduct Not Unfair)

11. Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint are not unfair within the meaning of California Business and Professions Code section 17200. Additionally, the utility of the practices outweigh any potential harm in that there were business justifications for doing so, and any alleged potential harm can be reasonably avoided.

## TWELFTH DEFENSE

### (Unclean Hands)

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

### (Conduct Not Unlawful)

13. Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint are not unlawful, including not being unlawful under the California Labor Code or within the meaning of California Business and Professions Code section 17200.

## FOURTEENTH DEFENSE

### (Adequate Remedy at Law)

14. Plaintiff's claims are barred, in whole or in part, because he is not entitled to a recovery of equitable relief due to the existence of an adequate remedy at law.

## FIFTEENTH DEFENSE

### (Substantial Compliance)

15. Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint were not unlawful, in that Defendant fully or substantially complied with all applicable statutes and regulations, including the California Labor Code and the applicable Industrial Welfare Commission Wage Order.

## SIXTEENTH DEFENSE

### (Accord and Satisfaction)

16. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and

satisfaction, and payment.

## SEVENTEENTH DEFENSE

### (Setoff and Recoupment)

17. Plaintiff's claims are barred, in whole or in part, because if any damages have been sustained, although such is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments by Defendants to Plaintiff, and/or all obligations of Plaintiff owed to Defendants, against any judgment that may be entered against Defendants.

## EIGHTEENTH DEFENSE

### (Waiting Time Penalties)

18. Plaintiff has failed to meet his burden inasmuch as the Complaint fails to state a claim for waiting time penalties under Section 203 of the California Labor Code, the existence of which is expressly denied.

## NINETEENTH DEFENSE

### (Conduct in Good Faith, Reasonable, Not Intentional or Willful)

19. Plaintiff's claims are barred, in whole or in part, because Defendants' actions were based on an honest, reasonable, good faith belief in the facts as known and understood at the time and were not intentional or willful, including not being willful within the meaning of the California Labor Code. Plaintiff suffered no injuries or damages and is not entitled to damages or penalties.

## TWENTIETH DEFENSE

### (Excessive Fines)

20. An award of statutory and/or civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

## TWENTY-FIRST DEFENSE

### (Lack of Standing / Plaintiff Not "Aggrieved Employee")

21. Plaintiff has failed to meet his burden inasmuch as Plaintiff fails to satisfy the prerequisites as a representative under the California Private Attorneys General Act ("PAGA") and, therefore, lacks standing and cannot represent the interests of purported aggrieved employees as to each

of the purported causes of action.

## TWENTY-SECOND DEFENSE

### (Representative Action Unmanageable)

22. Plaintiff has failed to meet his burden inasmuch as Plaintiff's claims for a representative PAGA action are unmanageable. See *Williams v. Superior Court*, 3 Cal. 5th 531, 559 (2017). Accordingly, the allegations are not appropriate for representative treatment.

## TWENTY-THIRD DEFENSE

### (Failure to Provide Proper Notice to LWDA and/or Employer)

23. Plaintiff has failed to provide proper notice to the LWDA and/or his employer as required under Labor Code section 2699.3.

## TWENTY-FOURTH DEFENSE

### (Underlying Claims Invalid)

24. Plaintiff's PAGA claims on behalf of alleged aggrieved individuals must fail because of the invalidity of Plaintiff's underlying claims.

## TWENTY-FIFTH DEFENSE

### (No Ascertainable Representative Group)

25. Plaintiff has failed to define an ascertainable representative group of aggrieved employees.

## TWENTY-SIXTH DEFENSE

### (Unlawful Delegation)

26. Defendants allege that Plaintiff's claims for penalties under PAGA are barred to the extent that private actions seeking PAGA penalties manifest an unlawful delegation of executive or other authority.

## TWENTY-SEVENTH DEFENSE

### (No Basis For PAGA Penalties)

27. Plaintiff has failed to meet his burden inasmuch as the relief sought under the Private Attorney's General Act is inappropriate.

///

**TWENTY-EIGHTH DEFENSE**

**(Superseding Cause)**

28. Any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendants. Any action on the part of Defendants was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims to have suffered.

**TWENTY-NINTH DEFENSE**

**(Comparative Fault)**

29. Plaintiff did not exercise due caution or care with respect to the matters alleged in the Complaint if, in fact, Plaintiff suffered any damage or injury, Plaintiff contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to which Plaintiff might otherwise be entitled must be denied or reduced accordingly.

**THIRTIETH DEFENSE**

**(Good Faith)**

30. Defendants acted in good faith and without malice or unlawful intent at all relevant times.

**THIRTY-FIRST DEFENSE**

**(Lack of Causation)**

31. Plaintiff did not suffer any damages attributable to any actions of Defendants.

**THIRTY-SECOND DEFENSE**

**(No Proximate Cause)**

32. The cause of Plaintiff's damages as alleged in the Complaint are wholly unrelated to, and were not proximately caused by, any act or omission of Defendants'.

**THIRTY-THIRD DEFENSE**

**(Plaintiff's Own Acts)**

33. Any harm, damage or injury suffered by Plaintiff is due to his own acts and omissions.

**RESERVATION OF RIGHTS**

Defendants reserve the right to rely upon any and all further defenses that become available or appear during discovery or practical proceedings in this action, and hereby specifically reserves the right

to amend this Answer for the purpose of asserting additional defenses.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by his Complaint;

2. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3. That Defendants be awarded reasonable attorneys' fees according to proof to the extent permitted by law;

4. That Defendants be awarded the costs of suit incurred herein; and

5. That the Court award Defendants such other and further relief as it deems just and proper.

DATE: SEPTEMBER 1, 2021

FOLEY & LARDNER LLP
CHRISTOPHER WARD
KEVIN JACKSON

By: _____
KEVIN JACKSON
Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., and MENZIES AVIATION (USA), INC.

# PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this action; my current business address is 11988 El Camino Real, Suite 400, San Diego, CA 92130-2594.

On September 1, 2021, I served the foregoing document(s) described as: **DEFENDANTS AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., AND MENZIES AVIATION (USA), INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S REPRESENTATIVE ACTION COMPLAINT** on the interested parties in this action as follows:

Matthew J. Matern                                   Attorneys for Plaintiff DANNY LOPEZ
Tagore O. Subramaniam
Max Sloves
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone:  310-531-1900
Facsimile:   310-531-1901
Email: mmatern@maternlawgroup.com
       tagore@maternlawgroup.com
       msloves@maternlawgroup.com

__X__   BY MAIL
        I placed the envelope(s) with postage thereon fully prepaid in the United States mail, at San Diego, California.

__X__   I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at San Diego, California. I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

____   BY E-MAIL
       I served the foregoing document via e-mail to the addressees above at the e-mail addresses listed therein.

__X__   Executed on September 1, 2021, at San Diego, California.

__X__   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Sonia Moreno* (signature)
Sonia Moreno