**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
TAGORE O. SUBRAMANIAM (SBN 280126)
tagore@maternlawgroup.com
MAX N. SLOVES (SBN 217676)
msloves@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

Attorneys for Plaintiff DANNY LOPEZ, individually, and on behalf of other aggrieved employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of other aggrieved employees<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:21-cv-07108 DMG(Ex)<br><br>[Assigned to the Honorable Dolly M. Gee, Courtroom 8C]<br><br>**JOINT RULE 26(f) REPORT**<br><br>Action Filed:　　July 21, 2021<br>Removed:　　　September 2, 2021<br>Trial Date:　　　None set |

Plaintiff Danny Lopez ("Plaintiff") and Defendants Aircraft Service International, Inc., a corporation; Air Menzies International (USA), INC., a corporation; and Menzies Aviation (USA), INC., a corporation (collectively "Defendants"), by and through their counsel of record, hereby submit the following Joint Statement in advance of the Scheduling Conference that is currently scheduled for November 12, 2021.

As detailed below, Plaintiff brings an action under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). Plaintiff and Defendants (collectively, "the Parties"), have agreed in principle to submit this matter to private mediation and are currently in discussion to identify a mutually agreeable mediator and date for mediation. Therefore, the Parties respectfully request 1) a stay of all formal discovery and proceedings in this matter pending completion of the mediation; 2) that the Court not set a trial date at this time; 3) that that the Court order the Parties to submit a further joint statement in 30 days to allow the Parties time to select a mediator and set a date for mediation; and 4) once the mediation date has been identified to the Court, set a further scheduling conference for a date convenient to the Court to occur after the conclusion of the mediation. In the alternative, if the court is inclined to set a trial date, the Parties ask that trial be scheduled one year and eight months from date of the scheduling conference. This timeframe is based on the availability of the mediators proposed by and being discussed by the Parties.

**1.     INITIAL DISCLOSURES**

The Parties agree to make initial disclosures within two weeks of the Scheduling Conference.

**2.     PROPOSED SCHEDULE OF LAW AND MOTION MATTERS, AND A PROPOSED DISPOSITIVE MOTION CUTOFF DATE**

Given the Parties' agreement to engage in private mediation, the Parties' respectfully request that a schedule of law and motion matters and a dispositive

motion cutoff date be proposed after the parties have determined a date for private mediation.

### 3. EFFORTS MADE TO SETTLE OR RESOLVE THE CASE TO DATE

The Parties have agreed to pursue a resolution to this matter by way of private mediation. The Parties are actively in discussion to identify a mutually agreeable mediator and mediation date. The Parties will inform the court of the mediator selected and the date for mediation within 30 days of the filing of this Joint Report. The Parties respectfully request that a further scheduling conference then be set for a date following the mediation that is convenient to the Court. Based on the availability of the mediators proposed by the Parties, it is anticipated that mediation will be complete by no later than the end of September 2022. Accordingly, the Parties suggest a further scheduling conference be set for November 18, 2022.

### 4. ESTIMATED LENGTH OF TRIAL AND PROPOSED DATE FOR FINAL PRETRIAL CONFERENCE AND FOR TRIAL

Plaintiff's estimated length of trial is twenty-one (21) days.

### 5. OTHER PARTIES LIKELY TO BE ADDED

Plaintiff and Defendants are not aware of other parties likely to be added.

### 6. WHETHER A TRIAL WILL BE BY JURY OR TO THE COURT

Plaintiff requests a jury trial at this time; however, Plaintiff is evaluating recent appellate authority concerning the right to a jury trial under California's Private Attorneys General Act, and reserves the right to proceed with a bench trial at a later date.

### 7. ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE

The Parties have agreed to submit this dispute to private mediation and are currently in the process of identifying a mutually agreeable mediator and mediation date. The Parties respectfully request the Scheduling Conference be continued until

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-3-
JOINT RULE 26(f) REPORT

after conclusion of the mediation at which time the Parties, should the need to proceed in this Court remain, be able to clearly commit to a schedule for the Court. Based on the availability of the mediators being discussed by the Parties, it is estimated that mediation will be completed by the end of September 2022. Therefore the Parties suggest a further scheduling conference be set for November 18, 2022.

## 8.  PROPOSALS REGARDING SEVERANCE, BIFURCATION OR OTHER ORDERING PROOF.

The Parties do not anticipate any proposals regarding severance, bifurcation, or other ordering proof.

## 9.  SYNOPSIS OF THE PRINCIPAL ISSUES IN THE CASE

Defendants own and/or operate facilities in California that provide aircraft refueling and maintenance services at airports. Plaintiff works as a field technician at the Aircraft Service International, Inc. facility at Los Angeles International Airport. Plaintiff alleges that each of the named defendants were joint employers, alter egos, and engaged in an integrated enterprise.  Plaintiff commenced this action by filing a complaint against Defendants on July 21, 2021, in the Los Angeles County Superior Court on behalf of himself and on behalf of all other current and former non-exempt California employees of Defendants for penalties under the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698-2699.5, for violations of the Labor Code and applicable IWC Wage Orders, including failure to provide required meal periods; failure to provide required rest periods; failure to pay overtime wages; failure to pay minimum wages; failure to permit employees to inspect or receive copy of records; failure to timely pay wages during employment; failure to pay all wages due to discharged and quitting employees; failure to maintain required records; failure to furnish accurate itemized wage statements; and failure to indemnify employees for necessary expenditures incurred in discharge of duties. Defendants filed an answer to the complaint on September 1, 2021, and then filed a Notice of Removal of Action with the United

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-4-
JOINT RULE 26(f) REPORT

States District Court for the Central District of California, Western Division, on September 2, 2021.

## 10. WHETHER PLEADINGS ARE LIKELY TO BE AMENDED

The Parties do not anticipate a need to amend the pleadings.

## 11. ISSUES WHICH MAY BE DETERMINED BY MOTION

At this time, Plaintiff does not anticipate issues which may be determined by motion.

Defendant anticipates filing a motion to strike as to the manageability of the PAGA claims.

## 12. CONSENT TO A MUTUALLY AGREEABLE MAGISTRATE JUDGE FROM THE COURT'S VOLUNTARY CONSENT LIST (AVAILABLE ON THE COURT'S WEBSITE) TO PRESIDE OVER THIS ACTION FOR ALL PURPOSES, INCLUDING TRIAL.

The Parties do not consent to have a magistrate judge preside over this action.

## 13. SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4 Plaintiff's counsel attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: November 2, 2021     Respectfully Submitted,

**MATERN LAW GROUP, PC**

By: */s/ Tagore O. Subramaniam*
Matthew J. Matern
Tagore O. Subramaniam
Max N. Sloves
Attorneys for Plaintiff Danny Lopez and other aggrieved employees

1
2  DATED: November 2, 2021        **FOLEY & LARDNER LLP**
3
4
5                           By: */s/ Kevin Jackson*
6                              Chris Ward
                               Kevin Jackson
7                              Attorneys for Defendants Aircraft Service
                               International, Inc., Air Menzies International
8                              (USA), Inc., and Menzies Aviation (USA), Inc.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Matern Law Group
1230 Rosecrans Avenue
Suite 200
Manhattan Beach, CA
90266

-6-
**JOINT RULE 26(f) REPORT**