CHRISTOPHER WARD, CA Bar No. 238777
  cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE:  213.486.0065

KEVIN JACKSON, CA Bar No. 278169
  kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE:  858.792.6773

Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., and MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-07108-DMG-Ex<br><br>**DEFENDANT MENZIES AVIATION, INC.'S MEMORANUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS' MOTION TO STAY ALL FURTHER LITIGATION**<br><br>*[Concurrently Filed concurrently with Notice of Motion and Motion to Stay, Declaration of Talin Bazerkanian, Declaration of Kevin Jackson and [Proposed] Order]*<br><br>Date: April 8, 2022<br>Time: 9:30 a.m.<br>Ctrm.: 8C, 8th floor<br>Judge: Hon. Dolly M. Gee |

## I. INTRODUCTION

Plaintiff Danny Lopez ("Plaintiff") brings this representative action pursuant to the Private Attorneys' General Act ("PAGA") to recover civil penalties on behalf of himself and other "aggrieved employees." In connection with his employment, Plaintiff signed an Alternative Dispute Resolution agreement containing a waiver of his right to serve as a class or collective action representative. For the past few years under existing California law—which is subject to extensive challenge and dispute—such a waiver has been unenforceable. However, on December 15, 2021, in *Viking River Cruises, Inc. v. Moriana*, No. 20-1573, 2021 U.S. LEXIS 6280 (Dec. 15, 2021) ("*Viking River*"), the Supreme Court granted the petitioner's writ of certiorari to decide whether the Federal Arbitration Act ("FAA") preempts California judicially-created prohibition on an employee's ability to enter into an arbitration agreement containing a waiver of the right to serve in a representative capacity under the Private Attorneys' General Act ("PAGA"). This ruling on a critical question of law has far-reaching ramifications on this case can reasonably be expected sometime during the next Supreme Court term scheduled to begin in October 2022. In light of the significant effects the ruling in *Viking River* will have on the legal and representative-action merits of this case, the interests of justice and considerations of judicial economy strongly support a stay of all litigation in this matter.

## II. PROCEDURAL HISTORY

On July 21, 2021, Plaintiff commenced this action by filing an unverified Complaint in the Superior Court of California, County of Los Angeles, entitled "DANNY LOPEZ, individually, and on behalf of all other aggrieved employees v. AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive" Case No. 21STCV26797 (the "Complaint"). [Dkt. 1, ¶ 1.] Defendants received service of the Complaint on or around August 3, 2021. [Dkt. 1, ¶ 1.]

The Complaint alleges a single cause of action under the California Private

1  Attorneys' General Act ("PAGA"), which is premised on the following alleged violations
2  of the California Labor Code: (1) Failure to Provide Meal Periods; (2) Failure to Provide
3  Rest Periods; (3) Failure to Pay Overtime Wages; (4) Failure to Pay Minimum Wages;
4  (5) Failure to Permit Inspection of Records; (6) Failure to Timely Pay Wages; (7) Failure
5  to Pay All Wages Upon Termination; (8) Failure to Provide Accurate Itemized Wage
6  Statements; and (9) Failure to Reimburse. [Dkt. 1-2.]
7        Defendants filed a Notice of Removal on September 2, 2021. [Dkt. 1.]
8        Plaintiff commenced his employment with Menzies in 2007. [*See* Declaration of
9  Talin Bazerkanian ("Bazerkanian Decl."), ¶ 4.] For several years, Menzies has utilized
10 an Alternative Dispute Resolution Policy ("ADR Policy") for all employees at its
11 locations in the United States. [Bazerkanian Decl., ¶ 2, Ex. A.] For employees who
12 choose to be bound by the ADR Policy, they agree with Menzies that any claims arising
13 from the employment relationship, other than certain categories of statutorily-excluded
14 claims, must be brought in binding arbitration – including claims seeking unpaid
15 overtime and other purported wage and hour violations. [Bazerkanian Decl., ¶¶ 2-3, Ex.
16 A.] Employees receive a free-standing copy of the Menzies ADR Policy memorializing
17 all the terms of the ADR Policy, including, among other terms, that it applies bilaterally
18 to the employee and Menzies, that Menzies will be responsible for all unique costs of
19 arbitration, that the parties will have the full range of discovery available to them as in
20 civil litigation, that the arbitrator has the power to award all civilly-available forms of
21 relief, and that the arbitrator must issue a written award. [Bazerkanian Decl., ¶¶ 2-3, Ex.
22 A.] The ADR Policy also requires that employees choosing to be bound by it waive the
23 right to act as a class action representative or pursue their claims on any type of
24 representative basis. [Bazerkanian Decl., ¶¶ 2-3, Ex. A.] Employees agreeing to the
25 ADR Policy execute a separate agreement document memorializing their agreement to be
26 bound by all provisions of the ADR Policy. [Bazerkanian Decl., ¶¶ 2-3, Ex. A.]
27        On June 28, 2019, Lopez executed his written assent to be by bound by the ADR
28 Policy. [Bazerkanian Decl., ¶ 4, Ex. B.] By agreeing to be bound by the Menzies ADR

Policy, Lopez therefore waived the ability to pursue, on an individual or representative basis, various wage and hour claims against Menzies in a civil forum. [Bazerkanian Decl., ¶ 4, Ex. B.]

## III. LEGAL ARGUMENT

As it currently stands, California courts have considered the Federal Arbitration Act's ("FAA") scope and concluded that "a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship." *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 386 (2014). As one California state appellate court further explained, "Without the state's consent, a predispute agreement between an employee and an employer cannot be the basis for compelling arbitration of a representative PAGA claim because the state is the owner of the claim and the real party in interest, and the state was not a party to the arbitration agreement." *Herrera v. Doctors Med. Ctr. of Modesto, Inc.*, 67 Cal. App. 5th 538, 549, 282 Cal. Rptr. 3d 262 (2021). Under the current California legal landscape then, Plaintiff's PAGA claims fall outside of his arbitration agreement with Menzies. However, there is a significant possibility this legal landscape will change in the foreseeable future, which would mean this matter could no longer proceed in this Court.

The *Viking River* plaintiff is challenging this precedent in its writ of certiorari. Plaintiff's petition asks the Supreme Court to resolve the question "[w]hether the [FAA] requires enforcement of a bilateral arbitration agreement providing that an employee cannot raise representative claims, including under PAGA." *Viking River Cruises, Inc. v. Moriana*, No. 20-1573. Should the Supreme Court answer that question in the affirmative and subject PAGA claims to the FAA, Plaintiff would have to pursue the claims asserted here pursuant to his obligation to comply with his arbitration agreement. This case could no longer remain before this Court.

"The trial court possesses the inherent power to control its own docket and calendar." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). That power includes the inherent power to stay proceedings. *Id.* Courts consider

what are often referred to as the *Landis* factors when evaluating stays. *Hernandez v. San Gabriel Temp. Staffing Servs., LLC*, No. 17-CV-05847-LHK, 2018 U.S. Dist. LEXIS 56075, at *29 (N.D. Cal. Apr. 2, 2018) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). The factors include: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Here, all of the *Landis* factors weigh in favor of a stay. Given that no significant litigation activity has occurred and the large majority of relevant evidence is simply payroll and time worked data that Menzies has a duty to and will preserve, there is nominal damage, if any, that may result from the granting of a stay, and similarly, neither party would suffer hardship or inequity from a stay. This case is in the very early stages of litigation having only been removed to this Court in the last few months. [Dkt. 1.] There has been no discovery exchanged between the parties, so the parties have not yet had to devote significant resources to this matter that full discovery may otherwise require. Allowing this case to proceed into discovery may needlessly subject the parties to costs that may ultimately not be necessary. Most importantly, the question before the Supreme Court in *Viking River* will simplify the issues in this case and resolve a question of law that may completely divest the Court of jurisdiction from hearing this case in the first place.

California federal courts have granted motions to stay under similar circumstances, namely, where the Supreme Court's decision would resolve legal issues that are nearly identical to the underlying case. *See, e.g.*, *Chattanond v. Discover Fin. Servs., LLC*, No. CV 15-08549-RSWL-JCx, 2016 U.S. Dist. LEXIS 24700, at *7 (C.D. Cal. Feb. 26, 2016) (granting stay pending outcome of *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540 (2016)); *Eric B. Fromer Chiropractic, Inc. v. N.Y. Life Ins. & Annuity Corp.*, No. CV 15-04767-AB (JCx), 2015 U.S. Dist. LEXIS 148476, at *5 (C.D. Cal. Oct. 19, 2015)

(granting stay pending outcome of *Spokeo* and *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 136 S. Ct. 663 (2016)); *Bascom Research LLC v. Facebook, Inc.*, No. C 12-6293 SI, 2014 U.S. Dist. LEXIS 4000, at *7 (N.D. Cal. Jan. 13, 2014) (granting stay pending outcome of *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 134 S. Ct. 2347 (2014)).  In the context of the viability of class action waivers—an issue virtually identical to that before the Court in *Viking Cruise*—California federal courts similarly granted stays while awaiting direction from the Supreme Court.  *See, e.g., Gaspar v. AT&T Mobility, LLC*, No. CV 10-2136 DSF (SSx), 2010 U.S. Dist. LEXIS 123431, at *2 (C.D. Cal. June 28, 2010) (granting stay pending outcome of *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) four-and-a-half months before *Concepcion* oral argument and almost one year before decision); *Kaltwasser v. Cingular Wireless LLC*, No. C 07-00411 JF (PVT), 2010 U.S. Dist. LEXIS 78644, at *8 (N.D. Cal. June 21, 2010) (effectively staying action when deferring motion for class certification pending outcome of *Concepcion*).

     Courts have also granted stays on remarkably similar timelines to this matter. In *Bascom Research,* the court granted a motion to stay in January 2014 when the Supreme Court had granted certiorari for a similar case in December 2013. *Bascom Research LLC*, 2014 U.S. Dist. LEXIS 4000, at *3. Moreover, courts have considered stays of approximately one-year or more appropriate and not prejudicial. *See, e.g.*, *Veytia v. Portfolio Recovery Assocs., LLC*, No. 20-CV-0341-GPC-MSB, 2020 U.S. Dist. LEXIS 161588, at *7 (S.D. Cal. Sep. 3, 2020) (granting motion to stay that may last beyond one-year); *Provo v. Rady Children's Hosp. San Diego*, No. 15cv0081 JM(BGS), 2015 U.S. Dist. LEXIS 100491, at *5 (S.D. Cal. July 29, 2015); *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2015 U.S. Dist. LEXIS 80692, at *4 (N.D. Cal. June 22, 2015) (granting stay in June 2015 and Supreme Court decision not issued until June 2016);. And even if the Court has concerns regarding this stay's length, the Court may also consider a temporary stay and set a status hearing to determine if extending the stay is warranted in light of the progression of *Viking River*. *See, e.g.*, *Amini v. AUS Mktg.*

*Research Sys.*, No. SACV 15-1270 AG (JCGx), 2016 U.S. Dist. LEXIS 190645, at *5 (C.D. Cal. Feb. 26, 2016) (granting stay pending *Spokeo* decision and but requiring parties to return for status after four-months to monitor *Spokeo* progression).

IV. **CONCLUSION**

For all of the above reasons, the instant action should be stayed pending the resolution of *Viking River*.

DATED: March 8, 2022            **FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson


/s/ Christopher Ward
Christopher Ward
Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., and MENZIES AVIATION (USA), INC.