1  MATTHEW J. MATERN (SBN 159798)
   mmatern@maternlawgroup.com
2  MATTHEW W. GORDON (SBN 267971)
   mgordon@maternlawgroup.com
3  MAX N. SLOVES (SBN 217676)
   msloves@maternlawgroup.com
4  **MATERN LAW GROUP, PC**
   1230 Rosecrans Avenue, Suite 200
5  Manhattan Beach, California 90266
   Telephone: (310) 531-1900
6  Facsimile:  (310) 531-1901

7  Attorneys for Plaintiff DANNY
   LOPEZ, individually, and on behalf of
8  other aggrieved employees

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of other aggrieved employees<br><br>Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-07108 DMG(Ex)<br><br>[Assigned to the Honorable Dolly M. Gee, Courtroom 8C]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL FURTHER LITIGATION**<br><br>[*Concurrently Filed with Declaration of Max N. Sloves*]<br><br>Date: April 8, 2022<br>Time: 9:30 a.m.<br>Ctrm.: 8C<br>Judge: Hon. Dolly M. Gee<br><br>Action Filed:  July 21, 2021<br>Removed:       September 2, 2021<br>Trial Date:    July 25, 2023 |

-1-

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................. 6

II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ................ 7

III. ARGUMENT .................................................................................................... 9

    A. *Moriana* Will Not Affect This Case Because the Arbitration Agreement Makes No Reference to Actions Brought as a Private Attorney General. ...................................................................................... 9

        1. The arbitration agreement in *Moriana* is specific to private attorney general actions. ....................................................... 10

        2. Defendants' arbitration agreement is silent as to private attorney general actions; Defendants fail to carry their burden to show *Moriana* will resolve any issues before this Court. ................................................................................................ 10

    B. Because Plaintiff Brings a PAGA Action, Defendants Fail to Meet the Heightened Standard for a *Landis* Stay Applicable to Actions Affecting the Public Welfare. ........................................................ 13

        1. Defendants fails to meet the heightened burden for a *Landis* stay where the claim is in the public interest; the equities favor denial of a stay. ........................................................ 14

        2. Case law relied upon by Defendants is inapposite as it does not address wage and hour cases and is otherwise inapposite. .... 15

IV. CONCLUSION ............................................................................................... 17

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-2-

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aetna Life Ins. Co. v. Haworth*,
   300 U.S. 227 (1937) ........................................................................................... 12

*Bartemeyer v. State of Iowa*,
   85 U.S. 129 (1873) ............................................................................................. 12

*Bascom Rsch. LLC v. Facebook, Inc., No. C*,
   12-6293 SI, 2014 WL 12795380 (N.D. Cal. Jan. 13, 2014) ................................ 16

*Baumann v. Chase Inv. Services Corp.*,
   747 F.3d 1117 (9th Cir. 2014) ........................................................................... 11

*Blue Cross & Blue Shield v. United Outpatient Surgery Ctr.*,
   490 F.3d 718 (9th Cir. 2007) ............................................................................. 15

*Broadcom Corp. v. Sony Corp.*,
   No. SACV161052JVSJCGX, 2017 WL 7833636 (C.D. Cal., Feb. 13, 2017) ...... 14

*Chattanond v. Discover Fin. Servs., LLC*,
   No. CV 15-08549-RSWL-JCX, 2016 WL 8202736 (C.D. Cal. Feb. 26, 2016) ... 16

*E.A.R.R. v. U.S. Dep't. of Homeland Sec.*,
   No. 20-CV-2146 TWR (BGS), 2021 WL 4933264 .............................................. 15

*Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*,
   No. CV 15-04767-AB (JCX), 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015) ....... 16

*Gaspar v. AT & T Mobility, LLC*,
   No. CV 10-2136 DSF SSX, 2010 WL 4643277 (C.D. Cal. June 28, 2010) ......... 16

*Jonathan Club v. City of Los Angeles*,
   680 F.Supp. 1405 (C.D. Cal. 1988) ................................................................... 15

*Kaltwasser v. Cingular Wireless LLC*,
   No. C *07-00411 JF (PVT)*, 2010 WL 2557379 (N.D. Cal. June 21, 2010) ........... 16

*Landis v. North American Co.*,
   299 U.S. 248 (1936) ................................................................... 6, 7, 13, 14, 15, 16

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-3-

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

# TABLE OF AUTHORITIES (Cont'd)

**Page(s)**

*Leyva v. Certified Grocers of California, Ltd.*,
  (9th Cir. 1979) 593 F.2d 857 .................................................................................. 14

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ....................................................... 6, 10, 13, 14, 15

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
  514 U.S. 52 (1995) .................................................................................................. 12

*Meadows v. Dickey's Barbecue Restaurants Inc.*,
  144 F.Supp.3d 1069 (N.D. Cal. 2015) .................................................................. 12

*Provo v. Rady Children's Hosp.-San Diego*,
  No. 15CV0081 JM BGS, 2015 WL 6144029 (S.D. Cal. July 29, 2015) ............... 16

*Ramirez v. Trans Union, LLC*,
  2015 WL 6159942 (N.D. Cal. June 22, 2015) ....................................................... 16

*Rent-A-Center, West, Inc. v. Jackson*,
  561 U.S. 63 (2010) .................................................................................................. 12

*Sousa v. 7-Eleven, Inc.*,
  No. 19-CV-2142 JLS (RBB), 2020 WL 6399595 (S.D. Cal. Nov. 2, 2020) ......... 15

*Veytia v. Portfolio Recovery Assocs., LCC*,
  No. 20-CV-0341-GPC-MSB, 2020 WL 5257881 (S.D. Cal. Sept. 3, 2020) ........ 16

*Viking River Cruises, Inc. v. Moriana*,
  2021 WL 5911481 (Dec. 15, 2021) ................................................................. 6, 12

**State Cases**

*Arias v. Superior Ct.*,
  46 Cal. 4th 969 (2009) ................................................................................... 11, 14

*Herrera v. Doctors Med. Ctr. of Modesto, Inc.*,
  67 Cal. App. 5th 538 (2021) ................................................................................... 9

*Iskanian v. CLS Transp. L.A., LLC*,
  59 Cal. 4th 348 (2014) ..................................................................................... 9, 17

## TABLE OF AUTHORITIES (Cont'd)

**Page(s)**

*Kim v. Reins Int'l California, Inc.*,
   9 Cal. 5th 73, 459 P.3d 1123 (2020) ............................................................... 11, 14

**Other Authorities**

Petition for Writ of Certiorari, 2021 WL 1944938 ........................................... 6, 10, 11

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-5-

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

## I. INTRODUCTION

Defendants Aircraft Service International, Inc.; Air Menzies International (USA), Inc.; Menzies Aviation (USA), Inc. (collectively "Menzies" or "Defendants") seek an indefinite stay of these proceedings pending the United States Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, 2021 WL 5911481 (Dec. 15, 2021) ("*Moriana*"). However, Defendants' motion is unclear as to what the actual grounds for the stay may be. Defendants point out that the Supreme Court's decision in *Moriana* may resolve whether claims under the California Private Attorneys General Act of 2004 ("PAGA") can be waived by an arbitration agreement, but there is no such waiver in Defendants' arbitration agreement with Plaintiff Danny Lopez ("Lopez" or "Plaintiff"). Nor does the Defendants' motion offer any analysis as to how or why a ruling in *Moriana* would be dispositive of any issues in this case. *Moriana* involves an arbitration agreement that explicitly waives the right of employees to bring a "class, collective, representative or private attorney general" action. Petition for Writ of Certiorari, 2021 WL 1944938, at *13. Contrary to assertions in Defendants' motion, Defendants' arbitration clause bars only class and collective actions. The arbitration agreement makes no mention whatsoever of private attorney general actions and the motion is devoid of any meaningful linkage between the facts and law in this case and the issues to be decided by the Supreme Court in *Moriana*.

Defendants also fail to apply the proper standard for a stay where, as here, Plaintiff acts as a proxy for the state's law enforcement agencies in an action to protect the public. The criteria for a stay as detailed in *Landis v. North American Co.*, 299 U.S. 248, 255 (1936), establishes a higher burden where an enforcement action to protect the public is at issue. In *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005), the Ninth Circuit clarified that where there is more than just a "fair possibility" that the Attorney General or the public he seeks to protect is at risk (i.e., there is a risk of continuing injury, violation, or threat to the public), there is a greater burden placed upon the moving party to demonstrate a need for a stay. *Id*. at 1109-

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-6-
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

1110, *quoting Landis,* 299 U.S. at 255 ("[A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.") Under such circumstances, mere defense of a suit is insufficient to warrant a stay. *Id*. at 1112 ("To be sure […] being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.")

Moreover, the requested stay would result in an unreasonable delay in these proceedings and would substantially prejudice Plaintiff and other aggrieved employees by creating a risk of lost evidence, increasing the difficulty in locating aggrieved employees, and preventing Plaintiff from expeditiously litigating his claim under the PAGA. Accordingly, Plaintiff respectfully requests that the Court deny Defendants' motion to stay all proceedings.

## II.   RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Defendants provide commercial aviation services, including ground handling, fueling, cargo, and ancillary services at airports throughout North America, including Los Angeles International Airport. Declaration of Max N. Sloves ("Sloves Decl.") ¶ 2. Plaintiff is a non-exempt employee who began working for Defendants in December, 2007. *Id*. ¶ 3. On February 11, 2021, Plaintiff gave written notice by online submission to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendants, of the specific provisions of the Labor Code and IWC Wage Orders that Plaintiff alleges Defendants violated, including the facts and theories to support the alleged violations. *Id*. ¶ 4. Plaintiff waited over 65 days after providing the February 11, 2021 notice and did not receive any response from the LWDA, satisfying the legal requirement to bring a private attorney general action pursuant to the PAGA. *Id*. ¶ 5.

On July 21, 2021, Plaintiff filed a representative action pursuant to the PAGA

-7-
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

against Defendants for violations of the Labor Code, including failure to properly provide meal and rest breaks, failure to pay overtime and minimum wages, failure to timely pay wages due during employment, failure to pay all wages due to discharged and quitting employees, failure to maintain required records, failure to furnish accurate itemized wage statements, and failure to indemnify employees for business expenses incurred in the discharge of their duties. *Id*. ¶ 6; Dkt. 1-2. Defendants filed a Notice of Removal on September 2, 2021. Dkt. 1. The parties met and conferred to discuss resolution of the claim by private mediation, chose a mediator, and scheduled a mediation for July 21, 2022. Sloves Decl. ¶ 8.

Defendants have produced an alternative dispute resolution policy ("ADR Policy") and a document indicating that on June 19, 2019, Plaintiff accepted the terms of the alternative dispute resolution policy ("ADR Agreement"). As it concerns arbitration, the ADR Policy includes the following terms:

> The Menzies Aviation ADR Policy includes a waiver of the ability to participate in a class action or act as a collective action representative. By agreeing to be bound by the ADR Policy, you understand and agree this ADR Policy prohibits you from joining or participating in a class action or as a collective action representative, or otherwise consolidating a covered claim with the claims of others.

Declaration of Talin Bazerkanian in Support of Motion ("Bazerkanian Decl."), Ex. A. The ADR Agreement includes the following additional terms regarding arbitration:

> I also understand that this ADR Policy prohibits me from joining or participating in a class action or as a collective action representative, or otherwise consolidating a covered claim with the claims of others. However, this ADR policy does not apply to any claim or dispute which the courts of this jurisdiction have expressly held are not subject to mandatory arbitration.
>
> …
>
> <u>In addition, I understand am prohibiting [sic] from joining a class action or</u>

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-8-
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

<u>acting as a collective action representative, or otherwise consolidating a covered claim with the claims of others.</u> [Emphasis in original.]

…

I also understand that I am free at any time during my employment to opt out of my agreement to be bound by the Menzies ADR Policy and that I must take specific action to participate in legal action in court and/or to participate in any class action, collective action, or representative action.

Bazerkanian Decl., Ex. B. Neither the ADR Policy nor the ADR Agreement make any mention of or reference to the PAGA or private attorney general actions.

## III. ARGUMENT

### A. *Moriana* Will Not Affect This Case Because the Arbitration Agreement Makes No Reference to Actions Brought as a Private Attorney General.

Defendants concede that under California law, an arbitration agreement cannot waive an employee's right to bring an action as a private attorney general under the PAGA "because the state is the owner of the claim and the real party in interest, and the state was not a party to the arbitration agreement." Motion at 3, *quoting Herrera v. Doctors Med. Ctr. of Modesto, Inc.*, 67 Cal. App. 5th 538, 549 (2021); *see also Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 386 (2014) ("Simply put, a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the *state*" [emphasis in original]). *Iskanian* establishes a prohibition of PAGA waivers in arbitration agreements as a matter of public policy to preserve the right of the state to maintain and pursue public enforcement actions directly or through its proxies, i.e., employees acting as private attorneys general under the PAGA. *Iskanian*, 59 Cal. 4th at 382, 388.

///

///

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-9-
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

### 1. The arbitration agreement in *Moriana* is specific to private attorney general actions.

In *Moriana*, the Supreme Court will address whether the FAA preempts this prohibition in a case where the arbitration agreement includes language that *explicitly* prohibits employees from bringing actions as a private attorney general. Petition for Writ of Certiorari, 2021 WL 1944938, at *i. ("The question presented is: Whether the Federal Arbitration Act requires enforcement of a bilateral arbitration agreement providing that an employee cannot raise representative claims, including under PAGA." [Emphasis added.]) The arbitration agreement at issue in *Moriana* includes a class action waiver that specifically applies to actions brought as a private attorney general: "There will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective, representative or private attorney general action, or as a member in any purported class, collective, representative or private attorney general proceeding, including, without limitation, uncertified class actions ("Class Action Waiver")." *Id.*, at *13. In clear contrast to the agreement in *Moriana*, Defendants' arbitration agreement contains no language specific to private attorney general actions or the PAGA.

### 2. Defendants' arbitration agreement is silent as to private attorney general actions; Defendants fail to carry their burden to show *Moriana* will resolve any issues before this Court.

Defendants baldly claim that the most important factor weighing in favor of a stay is that the decision in *Moriana* "will simplify the issues in this case and resolve a question of law that may completely divest the Court of jurisdiction from hearing this case in the first place." Motion at 4. However Defendants' to carry their burden to support this claim. *See Lockyer*, 398 F.3d at 1109 (the burden is on the moving party to support grounds for a stay).

To grant a stay in these proceedings would be a futile gesture because the *Moriana* decision will not resolve any issues between the parties. The discrete issue

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-10-

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

under review by the Supreme Court is whether Moriana's waiver of her right to bring a PAGA action (a clause absents from Defendants' arbitration agreement) forbids her from participating in a PAGA action such that her PAGA claim should be dismissed. Petition for Writ of Certiorari, 2021 WL 1944938, at *1-3. Here, Defendants plainly misstate the breadth and specificity of the ADR Policy and ADR Agreement. As pointed out above, neither document includes language that specifies the class action waiver in the ADR Policy is applicable to private attorney general actions. To the contrary, the ADR Policy applies only to participation in class actions and collective actions. Bazerkanian Decl., Ex. A.

The only other prohibition in the ADR Policy is addressed to "otherwise consolidating a covered claim with the claims of others." *Id*. But a PAGA claim is not a consolidation of the claims of others. To the contrary, an employee bringing an action under the PAGA serves as proxy for and represents the State, not other employees. *Arias v. Superior Ct*., 46 Cal. 4th 969, 986 (2009) ("An employee plaintiff suing, as here, under the Labor Code Private Attorneys General Act of 2004, does so as the proxy or agent of the state's labor law enforcement agencies.") As such, any analogy that attempts to equate PAGA actions with class or collective actions is plainly inapt. *See Baumann v. Chase Inv. Services Corp*., 747 F.3d 1117, 1123-1124 (9th Cir. 2014) ("In class actions, damages are typically restitution for wrongs done to class members. But PAGA actions instead primarily seek to vindicate the public interest in enforcement of California's labor law. […] A PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief."); *Kim v. Reins Int'l California, Inc*., 9 Cal. 5th 73, 459 P.3d 1123 (2020) ("Although representative in nature, a PAGA claim is not simply a collection of individual claims for relief, and so is different from a class action.")[1]

---

[1] Defendants contend that PAGA claims are "virtually identical" to class actions. Motion at 5. Clearly this unsupported contention is rejected by courts that have considered the question.

Matern Law Group
1230 Rosecrans Avenue
Suite 200
Manhattan Beach, CA
90266

-11-
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

The absence of any reference to private attorney general actions in Defendants' purportedly controlling arbitration agreement places this case outside *Moriana's* reach.[2] The Supreme Court has repeatedly found that the scope of an arbitration agreement is inextricably bound by the specific contract language of the agreement and, accordingly, the Supreme Court will rule on Viking River Cruises' petition based upon the specific contractual language presented – not hypothetical factual scenarios. *See Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63, 68-69 (2010) (examining the specific terms of the arbitration agreement between the parties to determine whether it delegated the issue of arbitrability to the arbitrator); *see also, Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 57 (1995) (parties are "generally free to structure their arbitration agreements as they see fit"); *Meadows v. Dickey's Barbecue Restaurants Inc.*, 144 F.Supp.3d 1069, 1078 (N.D. Cal. 2015) ("After all, the question is whether the language of an agreement provides 'clear and unmistakable' evidence of delegation."); *Bartemeyer v. State of Iowa,* 85 U.S. 129, 134-35 (1873) (the Supreme Court will not consider a moot question which is deliberately made up by the parties and which is not presented by the real facts of the case); *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241 (1937) (the Supreme Court cannot issue an opinion advising what the law would be based upon a hypothetical state of facts). Even the most expansive reading of the actual language in Defendants' ADR Policy and ADR Agreement cannot bring this matter within the purview of possible outcomes in *Moriana*. Defendants' primary argument, that *Moriana* will simplify the issues in this case, is without merit and any delay attendant

---

[2] The declaration of Defendants' Western Region Human Resources Director for Menzies Aviation, Talin Bazerkanian, includes an arbitration policy purportedly signed by Plaintiff; however, there is no signature on the document. Bazerkanian Decl., Ex. B. The declaration merely includes a statement asserting that Plaintiff executed the document. Id., ¶ 4. There is nothing in the Bazerkanian declaration that states how Defendants know Plaintiff electronically signed the agreement or what steps Defendants took to ensure that the purported electronic signature is that of Plaintiff.

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-12-
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

to a stay cannot be justified on that basis. Motion at 4.

### B. Because Plaintiff Brings a PAGA Action, Defendants Fail to Meet the Heightened Standard for a *Landis* Stay Applicable to Actions Affecting the Public Welfare.

Defendants misstate the applicable standard for granting a stay where a public enforcement action is at issue. Defendants cite to *Landis v. North American Co*., 299 U.S. 248, 254-55 (1936) for a list of factors to consider in the issuance of a stay: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Motion at 4. But these factors merely comprise preliminary considerations when considering a stay of a public enforcement action. *See Lockyer v. Mirant Corp*., 398 F.3d 1098 (9th Cir. 2005). In *Lockyer,* the Ninth Circuit clarified that where there is more than just a "fair possibility" that the Attorney General or the public he seeks to protect is at risk (i.e., there is a risk of continuing injury, violation, or threat to the public), there is a greater burden placed upon the moving party to demonstrate a need for a stay. *Id*. at 1109-1110, *quoting Landis,* 299 U.S. at 255 ("[A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.") Under such circumstances, mere defense of a suit is insufficient to warrant a stay. *Id*. at 1112 ("To be sure […] being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis.*")

///
///
///

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-13-
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

### 1. Defendants fails to meet the heightened burden for a *Landis* stay where the claim is in the public interest; the equities favor denial of a stay.

PAGA plaintiffs bring their claims to benefit the public interest. "A PAGA claim is legally and conceptually different from an employee's own suit for damages and statutory penalties. An employee suing under PAGA 'does so as the *proxy or agent of the state's labor law enforcement agencies*.'" *Kim,* 9 Cal.5th at 73 (emphasis in original), *quoting Arias*, 46 Cal.4th at 986. "Relief under PAGA is designed primarily to benefit the general public, not the party bringing the action." *Id*. Here, Plaintiff Lopez, as a deputized PAGA representative, advances the interests of the LWDA and is acting on the agency's behalf to foster compliance with California's Labor Code through the assessment of civil penalties designed to punish malfeasance and deter future wrongdoing. Especially where the nonpayment of wages is at issue, the equities favor a progression to trial, not a stay. *See Leyva v. Certified Grocers of California, Ltd*., (9th Cir. 1979) 593 F.2d 857, 864 (when considering a stay "the district court [must] … take into account the urgent nature of the statutory right to minimum compensation" and strong policy for "prompt payment of wages").

Where the other proceeding is "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court," a stay under *Landis* is not justified. *Lockyer*, 398 F.3d at 1113. As discussed above, *Moriana* will not resolve the issue between the parties—whether Plaintiff, who did not waive his right to file a private attorney general action, can nevertheless maintain such an action despite a purported agreement to arbitrate his personal disputes and waive class and collective claims. Therefore, the orderly course of justice is not favored by imposing a stay on the PAGA claim. Stays should be rejected where it is speculative as to whether the court would provide guidance on the issue requiring the court to "accept several layers of speculation." *Broadcom Corp. v. Sony Corp.,* No. SACV161052JVSJCGX, 2017 WL 7833636, at *3 (C.D. Cal., Feb. 13, 2017) ("the

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Court can only speculate whether the Federal Circuit's decision would actually provide significant guidance to this matter, particularly because Broadcom is not asserting the claim at issue on appeal to the Federal Circuit."); *Lockyer*, 398 F.3d at 1112 (denying stay when "it is highly doubtful that the bankruptcy court in Texas will provide a legal resolution to the Attorney General's Clayton Act claim."); *E.A.R.R. v. U.S. Dep't. of Homeland Sec.*, No. 20-CV-2146 TWR (BGS), 2021 WL 4933264, at *5 (stay not warranted because ruling in the former would not "provide any guidance on how this Court should rule in the latter"); *Jonathan Club v. City of Los Angeles* 680 F.Supp. 1405, 1407 (C.D. Cal. 1988) (same); *Sousa v. 7-Eleven, Inc.*, No. 19-CV-2142 JLS (RBB), 2020 WL 6399595, at *6 (S.D. Cal. Nov. 2, 2020) (same).

Additionally, a stay poses the risk of lost evidence. Plaintiff Lopez and Defendants have not yet conducted any formal discovery in this matter. Sloves Decl. ¶ 7. Having agreed to bring the matter before a private mediator, the parties agreed to engage in informal discovery but before any discovery was initiated, Defendants filed their motion to stay proceedings. *Id*. ¶ 9. A stay prior to initiation of any discovery would substantially prejudice Plaintiff and other aggrieved employees by creating a risk of lost evidence, and increasing the difficulty in locating aggrieved employees. *Blue Cross & Blue Shield v. United Outpatient Surgery Ctr.,* 490 F.3d 718, 724 (9th Cir. 2007) ("Delay inherently increases the risk that witnesses memories will fade and evidence will become stale.") (internal quotation marks mitted).

### 2. Case law relied upon by Defendants is inapposite as it does not address wage and hour cases and is otherwise inapposite.

The cases cited by Defendants in support of a stay fail to apply the heightened standard for a *Landis* stay that is applicable to public enforcement actions. More importantly, the cases cited are not PAGA or wage and hour cases. As such, the cases relied upon by Defendants are inapposite because they ignore the centrality of the public interest in a PAGA claim and fail to address the urgency inherent in

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-15-
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

guaranteeing protection from wage and hour violations. *See Chattanond v. Discover Fin. Servs., LLC*, No. CV 15-08549-RSWL-JCX, 2016 WL 8202736, at *1-2 (C.D. Cal. Feb. 26, 2016) (applying the more permissive *Landis* factors in a case under the Telephone Consumer Protection Act ("TCPA") regarding the annoyance of automated marketing tactics); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*, No. CV 15-04767-AB (JCX), 2015 WL 6579779, at *1-2 (C.D. Cal. Oct. 19, 2015) (same); *Bascom Rsch. LLC v. Facebook, Inc.*, No. C 12-6293 SI, 2014 WL 12795380, at *1-2 (N.D. Cal. Jan. 13, 2014) (applying the more permissive *Landis* factors in a patent infringement case); *Gaspar v. AT & T Mobility, LLC*, No. CV 10-2136 DSF SSX, 2010 WL 4643277, at *1 (C.D. Cal. June 28, 2010) (claim for deceptive business practices wherein the court merely opined that the Supreme Court was "somewhat likley" to arrive at a decision favorable to the moving party); *Kaltwasser v. Cingular Wireless LLC*, No. C 07-00411 JF (PVT), 2010 WL 2557379, at *2 (N.D. Cal. June 21, 2010) (claim for deceptive business practices where court applied the heightened *Landis* factors but found in favor of a stay where plaintiff *conceded* that the Supreme Court's decision had the possibility of reducing a class size estimated to be in the "hundreds of thousands (if not millions)" by a significant amount); *Veytia v. Portfolio Recovery Assocs., LCC*, No. 20-CV-0341-GPC-MSB, 2020 WL 5257881, at *3 (S.D. Cal. Sept. 3, 2020) (TCPA case where motion was unopposed); *Provo v. Rady Children's Hosp.-San Diego*, No. 15CV0081 JM BGS, 2015 WL 6144029, at *1 (S.D. Cal. July 29, 2015) (applying permissive *Landis* factors).

The only PAGA case that Defendants cite to is *Ramirez v. Trans Union, LLC*, 2015 WL 6159942, at *2 (N.D. Cal. June 22, 2015). In *Ramirez*, the court did grant a stay but, notably, the plaintiff did not dispute that the defendant had modified the conduct about which the plaintiff had complained. *Id*. In other words, the threat of continued Labor Code violations was not at issue. While PAGA actions do not seek injunctive relief, the civil penalties sought in a PAGA action are intended to change

behavior through their punitive and deterrent effect. "[Actions under the PAGA] directly enforce *the state's* interest in penalizing and deterring employers who violate California's labor laws." *Iskanian*, 59 Cal.4th at 387 (emphasis in original).

## IV. CONCLUSION

Based on the foregoing argument and authority, Plaintiff respectfully requests that the Court deny Defendants' motion to stay all further litigation.

DATED: March 18, 2022           Respectfully submitted,

**MATERN LAW GROUP, PC**

By: */s/ Max N. Sloves*
　　MATTHEW J. MATERN
　　MATTHEW W. GORDON
　　MAX N. SLOVES
　　Attorneys for Plaintiff Danny Lopez and other aggrieved employees

MATERN LAW GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-17-
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**