CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

KEVIN JACKSON, CA Bar No. 278169
   kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., and MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>               Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No. 2:21-cv-07108-DMG-Ex<br><br>**REPLY IN SUPPORT OF DEFENDANT MENZIES AVIATION, INC.'S MOTION TO STAY ALL FURTHER LITIGATION**<br><br>Date:    April 8, 2022<br>Time:   9:30 a.m.<br>Ctrm.:   8C, 8th floor<br>Judge:  Hon. Dolly M. Gee |

Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc. (collectively, "Menzies") respectfully submit this Reply to Plaintiff's Danny Lopez's ("Plaintiff" or "Lopez") Opposition to Defendants' Motion to Stay All Further Litigation.

## I. <u>ARGUMENT</u>

Despite Plaintiff's argument otherwise, under the *Landis* factors as correctly applied, a stay is proper in this case. The U.S. Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, No. 20-1573, 2021 U.S. LEXIS 6280 (Dec. 15, 2021) will dictate whether Defendants may have the opportunity to compel arbitration. And there is little to no harm to Plaintiff if the Court grants Defendants' request for a stay due to the early stages of this case and the fact that Plaintiff seeks only monetary damages. There will also be little meaningful delay to the case, as it is expected that the Supreme Court will hear and decide *Viking River* within the next year.

In opposing Defendants' motion, Plaintiff argues that Defendants do not apply the "proper," heightened standard for a stay outlined in *Lockyer v. Mirant Corp.*, 398 F. 3d 1098 (9th Cir. 2005) for situations in which a plaintiff acts as a proxy for the state. (Opp. at 6: 20-7:8.) *Lockyer*, however, does not create a different standard from *Landis* regarding whether or not a stay should be granted. Rather, *Lockyer* directly quotes and then applies the *Landis* factors in making its determination about whether or not it should uphold the lower court's stay—the potential harm of granting a stay and whether the stay would aid in simplifying issues. In fact, the only times in *Lockyer* that the court used the phrase "public interest" were in reference to an automatic stay relating to bankruptcy proceedings, not a discretionary stay under *Landis*. *Lockyer*, 398 F. 3d at 1109, 1112. Whether or not Plaintiff's case is brought in the public interest, therefore, does not create a heightened standard by which the court must consider Defendants' Motion.

Even if *Lockyer* did create a higher standard, which it does not, Plaintiff's reliance on it is misplaced because the analysis in *Lockyer* actually supports a stay. In particular, the *Lockyer* court noted that the plaintiff sought only damages for past harm, and not injunctive relief against ongoing and future harm. *Id*. at 1112. Indeed, the *Lockyer*

court's review of *CMAX v. Hall*, 300 F. 2d 265, 268 (9th Cir. 1962) noted the propriety of a stay when "[Plaintiff] alleged no continuing harm and sought no injunctive or declaratory relief. Delay of [Plaintiff's] suit would result, at worst, in a delay in its monetary recovery, with possible (though by no means certain) loss of prejudgment interest." Here, Plaintiff seeks only damages in the form of civil penalties, interest, and costs and fees, not protection for future harm, and makes no allegation of ongoing harm. (*See generally*, Compl.; Compl. at Prayer for Relief.) Nor could Plaintiff seek anything other than damages, because Plaintiff no longer works for any Defendant.

The *Lockyer* court further considered whether the issues would be simplified resulting from the stay, finding that in that case, the bankruptcy court's decision did not have anything to do with the alleged Clayton Act violation at issue in *Lockyer*. Unlike in *Lockyer*, however, a determination in *Viking River* will determine whether Defendants have the legal avenue to compel arbitration, and so is directly related to the issue of jurisdiction in this matter.

Plaintiff's Opposition additionally relies heavily on the fact that the ADR Policy and Agreement does not use the specific language of "private attorney general's act" to argue that *Viking River* will not simplify issues here. (Opp. at 10:27-11:9.) However, this argument is both incorrect and premature. A determination of the *enforceability* of the ADR Policy and Agreement is not proper for a motion seeking a stay pending resolution of whether such litigation option even exists. The Federal Arbitration Act sets out a particular process for determining the enforceability of an arbitration agreement through a motion to compel arbitration. *See* 9 U.S.C. §§ 2, 6. Although it is Defendants' position that the ADR Policy and Agreement do include PAGA claims, as the agreement specifically covers "all disputes relating to [Plaintiff's] employment," that issue is not currently ripe, as this is a motion <u>to stay</u> – not a motion <u>to compel</u>. And even if the question were ripe, Plaintiff's attempt to differentiate between PAGA and class actions is contrary to the treatment of PAGA actions similar to class actions. *See, e.g.*, *Wesson v. Staples the Office Superstore, LLC*, 68 Cal. App. 5th 746, 766-67 (2021) (holding that

because "PAGA actions involve comparable or greater manageability concerns than other representative claims, we hold that trial courts may similarly exercise their inherent authority to ensure the manageability of PAGA claims and, if necessary, may preclude the use of this procedural device.").

As noted in the Motion to Stay Proceedings, allowing this case to proceed into discovery will needlessly subject the parties to costs that may ultimately not be necessary, as the outcome of *Viking River* could lead to a motion regarding Court's jurisdiction in this case. Given the great impact of the *Viking River* decision and the minimal potential impact on Plaintiff if a stay is granted, Defendants request that the Court grant its request for a stay of proceedings.

## II. CONCLUSION

For the reasons set forth Defendants' Motion and the foregoing Reply, Defendants respectfully request the Court stay all further litigation pending the U.S. Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, No. 20-1573, 2021 U.S. LEXIS 6280 (Dec. 15, 2021).

DATED: March 25, 2022

**FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson

/s/ Christopher Ward
Christopher Ward
Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., and MENZIES AVIATION (USA), INC.