UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-7108-DMG (Ex) | Date | April 7, 2022 |
| Title | *Danny Lopez v. Aircraft Service International, Inc., et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO STAY [22]**

On July 21, 2021, Plaintiff Danny Lopez filed a Complaint in Los Angeles County Superior Court against Defendants Aircraft Service International, Inc., Air Menzies International (USA), Inc., and Menzies Aviation (USA), Inc., asserting a single claim under California's Private Attorneys General Act ("PAGA") for wage and hour violations. Compl. [Doc. # 1-2.] On September 2, 2021, Defendants removed the action to this Court, invoking federal question jurisdiction on the basis that portions of Lopez's claim are completely preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq*. *See* Notice of Removal ¶¶ 5-25.

On March 8, 2022, Defendants filed a motion to stay this action ("MTS"). [Doc. # 22.] The MTS is fully briefed. [*See* Doc. ## 25 ("Opp."), 26 ("Reply").] For the reasons explained below, the Court **DENIES** Defendants' MTS and **VACATES** the April 8, 2022 hearing.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Lopez began working for Defendants as a non-exempt employee in December 2007. Opp. at 7[1]; *see also* Bazerkanian Decl., ¶ 4 [Doc. # 22-3]. Defendants assert Lopez agreed to an alternative dispute resolution policy ("ADR Policy"), which includes several potentially relevant sections. *See* Bazerkanian Decl., ¶ 4; *id.*, Ex. A.

The ADR Policy provides that it is "the exclusive means for resolving Covered Disputes," which include "any dispute arising out of or related to [an employee's] employment." Bazerkanian Decl., Ex. A at 5. With regard to class and collective actions, the ADR Policy provides:

---

[1] Page citations herein refer to the page references inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7108-DMG (Ex) | Date | April 7, 2022 |
|---|---|---|---|
| Title | *Danny Lopez v. Aircraft Service International, Inc., et al.* | Page | 2 of 3 |

> The Menzies Aviation ADR Policy includes a waiver of the ability to participate in a class action or act as a collective action representative. By agreeing to be bound by the ADR Policy, you understand and agree this ADR Policy prohibits you from joining or participating in a class action or as a collective action representative, or otherwise consolidating a covered claim with the claims of others.

*Id.* at 6. The ADR Policy also specifies that it "does not apply to any claim or dispute which the courts of this jurisdiction have expressly held are not subject to mandatory arbitration." *Id*.

Defendants move to stay this action pending the decision of the United States Supreme Court in *Viking River Cruises, Inc. v. Moriana*. *See* 142 S. Ct. 734 (Dec. 15, 2021) (granting petition for writ of certiorari). The Supreme Court held oral arguments in *Moriana* on March 30, 2022.

## II.
## LEGAL STANDARD

A district court has inherent power "'to control the disposition of the causes on its docket'" in a manner which will promote economy of time and effort for itself, counsel, and litigants. *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (same). For this reason, a district court has discretion to stay proceedings pending before it. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

In exercising its discretion, the court must weigh competing interests, including the possible damage which may ensue from a stay, the hardship or inequity a party may suffer if the case moves forward, and the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## III.
## DISCUSSION

California law provides that employment agreements may not compel employees' claims under PAGA into arbitration. *See Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 384, 327 P.3d 129, 149 (2014). In *Moriana*, the United States Supreme Court will address

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-7108-DMG (Ex) | Date | April 7, 2022 |
| Title | *Danny Lopez v. Aircraft Service International, Inc., et al.* | Page | 3 of 3 |

whether the Federal Arbitration Act requires enforcement of agreements to arbitrate PAGA claims. *See* Petition for Writ of Ceriorari, *Viking River Cruises, Inc. v. Moriana*, No. 20-1573 (May 10, 2021), 2021 WL 1944938. Defendants seek to stay this action pending resolution of the Supreme Court's decision in *Moriana*, because the outcome "will dictate whether Defendants may have the opportunity to compel arbitration." Reply at 2.

Lopez contends *Moriana* will not resolve any issues in this action because Defendants' ADR Policy compels arbitration of class and collective actions, not PAGA claims. Defendants counter that this issue is not currently before the Court, since Defendants have brought only a motion to stay, and not a motion to compel arbitration.

Under the circumstances, there is insufficient basis to stay this action pending resolution of *Moriana*. The parties have not briefed whether Lopez's claim would be subject to arbitration even if California law allowed for enforcement of agreements to arbitrate PAGA claims. Defendants have therefore not shown that *Moriana* will have any impact on this case. *See Lockyer*, 398 F.3d 1098 (reversing grant of stay, in part because the proceeding that served as the basis for the stay was "unlikely to decide, or contribute to the decision of, the factual and legal issues before the district court").

Nor do the balance of hardships favor a stay. Neither party contends they will suffer any special prejudice from either the grant or denial of a stay: a stay would harm Lopez because he would be unable to litigate his case; denial of a stay would harm Defendants because they would be forced to defend against the case. Still, the fact that *Moriana* is likely to be resolved fairly soon weighs against granting a stay. The Supreme Court has already heard oral arguments, and a decision is expected this term. In some cases, this could support a stay, because the stay would likely be short. But here, it weighs against a stay, because neither party is likely to incur excessive expenses before the decision in *Moriana* is issued and, in any event, the question of whether this action is even subject to arbitration has yet to be decided.

### IV.
### CONCLUSION

In light of the foregoing, the Court **DENIES** Defendants' MTS. The April 8, 2022 hearing is **VACATED**.

**IT IS SO ORDERED.**