| | |
|---|---|
| 1 | CHRISTOPHER WARD, CA Bar No. 238777 |
| 2 |    cward@foley.com<br>**FOLEY & LARDNER LLP** |
| 3 | 555 SOUTH FLOWER STREET, SUITE 3300<br>LOS ANGELES, CA 90071-2418 |
| 4 | TELEPHONE: 213.972.4500<br>FACSIMILE:  213.486.0065 |
| 5 | KEVIN JACKSON, CA Bar No. 278169 |
| 6 |    kjackson@foley.com<br>**FOLEY & LARDNER LLP** |
| 7 | 11988 EL CAMINO REAL, SUITE 400<br>SAN DIEGO, CA 92130-2594 |
| 8 | TELEPHONE: 858.847.6700<br>FACSIMILE:  858.792.6773 |
| 9 | Attorneys for Defendants AIRCRAFT |
| 10 | SERVICE INTERNATIONAL, INC. and MENZIES AVIATION (USA), INC. |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>                Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No. 2:21-cv-07108-DMG-Ex<br><br>**DEFENDANTS AIRCRAFT SERVICE INTERNATIONAL, INC.'S AND MENZIES AVIATION (USA), INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**<br><br>*[Concurrently Filed concurrently with Declaration of Kevin Jackson, Declaration of Talin Bazerkanian and [Proposed] Order]*<br><br>Date:    August 19, 2022<br>Time:   9:30 a.m.<br>Ctrm.:   8C, 8th floor<br>Judge:  Hon. Dolly M. Gee |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 19, 2022 at 9:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 8C, 8th Floor, before the Honorable Dolly M. Gee, of the above-captioned Court, located at First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.[1] (collectively, "Menzies") will, and hereby do, move the Court for an order to compel arbitration.

This Motion is made upon the grounds that Plaintiff is bound by an agreement to arbitrate employment-related disputes, including those raised by the Complaint on file herein, and has also expressly waived the right to bring or join in any collective or class action as to such claims or to otherwise consolidate a covered claim with the claims of others. The agreement to arbitrate is enforceable pursuant to the provisions of the Federal Arbitration Act.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, Declaration of Kevin Jackson, Declaration of Talin Bazerkanian and exhibits thereto, the records and pleadings on file herein, all of which the Court is requested to take judicial notice thereof, and upon such oral or documentary evidence as may be presented at the time of hearing thereon.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place between June 24, 2022 and July 1, 2022.

///
///
///
///
///
///

---

[1] Named defendant "Air Menzies International (USA), Inc." is not an existent or proper entity and has no relationship to Plaintiff's employment with Menzies. It has not been served nor responded to the Complaint and has no valid involvement in this case.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL
-1-
Case No. 2:21-cv-07108-DMG-Ex

DATED: July 14, 2022　　**FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson

/s/ Christopher Ward
Christopher Ward
Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC. and MENZIES AVIATION (USA), INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Danny Lopez ("Plaintiff") brings this representative civil action pursuant to the Private Attorneys' General Act ("PAGA") seeking to recover civil penalties on behalf of himself and other "aggrieved employees." The Supreme Court has just made clear he may not maintain this action any longer.

In connection with his employment, Plaintiff signed an Alternative Dispute Resolution agreement (the "Arbitration Agreement") containing a waiver of his right to serve as a class or collective action representative or "otherwise consolidating a covered claim with the claims of others." Accordingly Plaintiff is compelled to pursue **all** of his claims—including his individual claim under the Private Attorneys General Act of 2004 ("PAGA")—through binding arbitration on an individual basis. In light of the recent decision of the United States Supreme Court in *Viking River Cruises, Inc. v. Moriana*, No. 20-1573 (2022), the Federal Arbitration Act ("FAA") preempts the rule of *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 380 (2014) that "PAGA claims cannot be split into arbitrable "individual" claims and nonarbitrable "representative" claims. As a result, "[u]nder PAGA's standing requirement, a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action." Accordingly, once this Court compels Plaintiff to submit his individual PAGA claim to arbitration consistent with the obligations he undertook in connection with his employment, he no longer has standing to pursue representative claims on behalf of other "aggrieved employees" in a civil action, and the "correct course is to dismiss [his] remaining claims."

Accordingly, Menzies respectfully requests that this Court enforce Plaintiff's Arbitration Agreement, require him to proceed with his individual PAGA claim through final and binding arbitration, and dismiss Plaintiff's "non-individual" PAGA claim on behalf of other purportedly "aggrieved employees."

## II. RELEVANT FACTUAL BACKGROUND

On July 21, 2021, Plaintiff commenced this action by filing an unverified Complaint in the Superior Court of California, County of Los Angeles, entitled "DANNY LOPEZ, individually, and on behalf of all other aggrieved employees v. AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive" Case No. 21STCV26797 (the "Complaint").  [Dkt. 1, ¶ 1.]  Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc. (collectively, "Menzies") received service on or around August 3, 2021.  [Dkt. 1, ¶ 1.] Plaintiff has never served non-existent entity Air Menzies International (USA), Inc. Menzies then removed this Action to this Court on on September 2, 2021.  [Dkt. 1.]

The Complaint alleges a single cause of action under the California Private Attorneys' General Act ("PAGA"), premised on the following alleged violations of the California Labor Code: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay Overtime Wages; (4) Failure to Pay Minimum Wages; (5) Failure to Permit Inspection of Records; (6) Failure to Timely Pay Wages; (7) Failure to Pay All Wages Upon Termination; (8) Failure to Provide Accurate Itemized Wage Statements; and (9) Failure to Reimburse.  [Dkt. 1-2.]

Plaintiff commenced his employment with Menzies in 2007.  [See Declaration of Talin Bazerkanian ("Bazerkanian Decl."), ¶ 4.]  For several years, Menzies has utilized an Alternative Dispute Resolution Policy ("ADR Policy") for all employees at its locations in the United States.  [Bazerkanian Decl., ¶ 2, Ex. A.]  For employees who choose to be bound by the ADR Policy, they agree with Menzies that any claims arising from the employment relationship, other than certain categories of statutorily-excluded claims, must be brought in binding arbitration – including "claims brought under the California Labor Code."  [Bazerkanian Decl., ¶¶ 2-3, Ex. A.]  Employees receive a free-standing copy of the Menzies ADR Policy memorializing all the terms of the ADR Policy, including, among other terms, that it applies bilaterally to the employee and

Menzies, that Menzies will be responsible for all unique costs of arbitration, that the parties will have the full range of discovery available to them as in civil litigation, that the arbitrator has the power to award all civilly-available forms of relief, and that the arbitrator must issue a written award.  [Bazerkanian Decl., ¶¶ 2-3, Ex. A.]  The ADR Policy also requires that employees choosing to be bound by it waive the right to act as a class action representative or pursue their claims on any type of representative basis, as it explicitly prohibits "otherwise consolidating a covered claim with the claims of others."  [Bazerkanian Decl., ¶¶ 2-3, Ex. A.]  Employees agreeing to the ADR Policy execute a separate document memorializing their agreement to be bound by all provisions of the ADR Policy.  [Bazerkanian Decl., ¶¶ 2-3, Ex. A.]

On June 28, 2019, Plaintiff executed his written assent to be by bound by the ADR Policy (the "Arbitration Agreement").  [Bazerkanian Decl., ¶ 4, Ex. B.] By agreeing to be bound by the Menzies ADR Policy, Plaintiff therefore waived the ability to pursue, on an individual or representative basis, various wage and hour claims against Menzies in a civil forum, including those he now attempts to bring in this Action pursuant to PAGA.  [Bazerkanian Decl., ¶ 4, Ex. B.]

### III.   THIS COURT SHOULD REQUIRE ARBITRATION OF PLAINTIFF'S PAGA CLAIM

#### A.   The Supreme Court Affirmed The Enforceability Of Arbitration Agreements In Employment Relationships, Including As Applied To PAGA

The principal purpose of the Federal Arbitration Act, as well as the California Arbitration Act, is to ensure that "private arbitration agreements are enforced according to their terms," reflecting a liberal policy favoring arbitration.  *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011); *see also* 9 U.S.C. § 2; *Perry v. Thomas*, 482 U.S. 483, 489 (1987); *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000); *Avery v. Integrated Healthcare Holdings, Inc.,* 218 Cal. App. 4th 50, 62 (2013).  The Supreme Court also has repeatedly affirmed that the FAA applies to written arbitration agreements

in the employment context. *Circuit City Stores v. Adams*, 532 U.S. 105, 115 (2001). If a court determines that a valid arbitration agreement encompasses the dispute, the FAA requires the court to enforce the arbitration agreement according to its terms. *Simula Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (acknowledging that arbitration agreements must be rigorously enforced); *Volt Info. Scis., Inc., v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989) (holding that the purpose of the FAA "is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate"). The FAA does not give a district court discretion in determining whether to compel arbitration; instead it "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985).

On April 27, 2011, the Supreme Court issued its landmark ruling in *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011), clarifying that the FAA makes enforceable agreements requiring parties to resolve claims through arbitration on an individual basis. *See AT&T Mobility*, 563 U.S. at 333; *see also* 9 U.S.C. § 2; *Perry*, 482 U.S. at 489 (1987); *Randolph* 531 U.S. at 91. On May 21, 2018 the United States Supreme Court issued its decision in *Epic Sys. Corp. v. Lewis,* 2018 U.S. LEXIS 3086, *2, Supreme Court docket number 16-285. Like Plaintiff, the plaintiff in *Epic Systems* signed an arbitration agreement with his employer but still pursued civil claims in court. *Id.* at *8-10. The Supreme Court held that, even in the employment context, "Congress has instructed in the Arbitration Act that <u>arbitration agreements providing for individualized proceedings must be enforced</u>, and neither the Arbitration Act's saving clause nor the NLRA suggests otherwise." *Id.* (emphasis added.) Like the parties in *Epic Systems,* Plaintiff and Menzies here contracted for arbitration and specified the rules that would govern the arbitrations, such that the Arbitration Agreement must be enforced; "this much the Arbitration Act seems to protect pretty absolutely." *Id.* at * 14; s*ee* Bazerkanian Decl., ¶ 4, Ex. B.

It is now clear that all the foregoing rules and legal standards apply with equal

measure to PAGA claims and that California cannot supersede the preemptive scope of the FAA.  On June 15, 2022, the Supreme Court issued another landmark ruling in *Viking River Cruises, Inc. v. Moriana*, No. 20-1573 (2022), wherein the Court resolved whether the FAA preempts the rule of *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 380 (2014) that "PAGA claims cannot be split individual arbitrable "individual" claims and nonarbitrable "representative" claims."  In holding that the FAA preempts the *Iskanian* rule, the Supreme Court went beyond simply enforcing a "representative action waiver" and instead analyzed the issues of claim joinder and standing.

With respect to claim joinder, specifically, the Court held that "PAGA's built-in mechanism of claim joinder is in conflict with the FAA.  *Iskanian*'s prohibition on contractual division of PAGA actions into constituent claims unduly circumscribes the freedom of parties to determine "the issues subject to arbitration" and "the rules by which they will arbitrate," *Lamps Plus, Inc. v. Varela*, 587 U. S. __, 139 S. Ct. 1407, 1416, and does so in a way that violates the fundamental principle that "arbitration is a matter of consent."  *Viking River*, at 2 (citing *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010).)  Therefore, "state law cannot condition the enforceability of an agreement to arbitrate on the availability of a procedural mechanism that would permit a party to expand the scope of the anticipated arbitration by introducing claims that the parties did not jointly agree to arbitrate."  *Id*.  In other words, the FAA preempts *Iskanian* insofar as it requires joinder of claims under PAGA.  As a result, *Viking River* instructs that PAGA encompasses an "individual" claim and a "non-individual" claim, and that the FAA preempts *Iskanian* to the extent that it would prevent an employee from waiving the right to bring his "individual" PAGA claim in a court action.  *Id.* at 4.

The Court then considered PAGA's standing requirement, and addressed the question of whether an individual who is compelled to submit his individual PAGA claim to arbitration retains standing to pursue the "non-individual" PAGA claim (i.e., the representative claim brought for the benefit of other "aggrieved employees").  The Court held, in unequivocal terms, that "[u]nder PAGA's standing requirement, a plaintiff can

maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action. *See* Cal. Lab. Code Ann. §§2699(a), (c). When an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit." *Viking River* at 21. As a result, once Plaintiff here is required to submit his individual PAGA claim to arbitration – and he must be pursuant to *Epic Systems* and its predecessor cases – "the correct course is to dismiss [his] remaining [non-individual] claims." *Id*.

### B. THE ARBITRATION AGREEMENT IS ENFORCEABLE

The Court's role in deciding whether to compel arbitration is to determine two questions: "(l) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (internal citations and quotations omitted). Both of these questions must be answered in the affirmative here as applied to Plaintiff and the claims raised in his Complaint.

#### 1. The Arbitration Agreement is Valid

Courts apply "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration" in determining the validity of an arbitration agreement. *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996); *Kilgore*, 718 F.3d at 1058. Where the parties agree to submit all disputes to binding arbitration, a valid arbitration agreement exists. *See, e.g., Cruise v. Kroger* 233 Cal. App. 4th 390, 396-97 (2015). *Cruise* is instructive. In the case, the employee signed an employment application that included a "Mandatory Final & Binding Arbitration" provision in which the employee agreed to arbitrate all employment-related disputes. *Id*. at 396. The employee later filed a lawsuit against the employer alleging employment discrimination, and the employer sought to compel arbitration. *Id*. at 394. The court deemed the arbitration agreement valid based on the agreement's language mandating that the employee submit any employment disputes to binding arbitration, explaining that

this language "eliminates any argument that the parties did not agree to arbitrate." *Id*. at 397.

Likewise, in this case, Plaintiff signed the Arbitration Agreement on June 28, 2019, wherein he agreed to submit "any dispute" arising out of his employment, including "alleged violations of federal, state, and/or local constitutions, statutes, or regulations," including but not limited to claims brought under the "California Labor Code." [Bazerkanian Decl., ¶¶ 2-4, Exs. A-B].  The Arbitration Agreement also unequivocally provides that all claims must be brought on an "individual" basis in arbitration, and it expressly prohibits "otherwise consolidating a covered claim with the claims of others."  This language eliminates any argument that the parties did not agree to arbitrate, and evidences the existence of a valid arbitration agreement.

### 2. The Arbitration Agreement Encompasses The Dispute at Issue

California's strong public policy in favor of arbitration is guided by the principle that "[d]oubts as to whether an arbitration clause applies to a particular dispute are to be resolved in favor of sending the parties to arbitration.  The court should order them to arbitrate unless it is clear that the arbitration clause cannot be interpreted to cover the dispute." *United Transportation Union v. Southern Cal. Rapid Transit Dist.* 7 Cal. App. 4th 804, 808 (1992).  It is well-settled that "broad contractual provisions for arbitration are to be liberally construed." *Id.* at 809.

Here, Plaintiff agreed to arbitrate *any* claims "arising out of or relating to [Plaintiff's] employment." [Bazerkanian Decl., ¶¶ 2-3, Ex. A.]  Plaintiff brings a single cause of action under PAGA, which is a "claim[] brought under the California Labor Code." [Bazerkanian Decl., ¶¶ 2-3, Ex. A.]  The Arbitration Agreement therefore encompasses the dispute at issue.  *See, e.g., Asfaw v. Lowe's HIW*, Case No. LA CV14-00697 JAK (AJWx), 2014 U.S. Dist. LEXIS 68657, * 9 (C.D. Cal. May 13, 2014).

### C. PLAINTIFF MUST INDIVIDUALLY ARBITRATE HIS CLAIMS

When Plaintiff signed the Arbitration Agreement, he agreed to waive "the ability to participate in a class action or act as a collective action representative." [Bazerkanian

Decl., ¶¶ 2-3, Ex. A.] He also expressly agreed that he would not "consolidat[e] a covered claim with the claims of others." [*Id*.] However, Plaintiff attempts to do exactly what the Arbitration Agreement prohibits him from doing: consolidate his "individual" PAGA claim with the "non-individual" PAGA claims of other purportedly "aggrieved employees." *Viking River* requires enforcement of the arbitration agreement insofar as Plaintiff agreed that he would submit all claims arising out of his employment, including those brought under the California Labor Code (which encompasses PAGA claims) to final and binding arbitration. *Viking River* also instructs that once Plaintiff has submitted his individual PAGA claim to arbitration, he loses standing to bring "non-individual" PAGA claims in a court action. Therefore, Plaintiff is required to arbitrate his claims on an individual basis, and "the correct course is to dismiss [his] remaining [non-individual] claims." *Viking River,* at 21.

## IV. CONCLUSION

For the foregoing reasons, Menzies respectfully requests that this Court enforce the Plaintiff's agreement to be bound by the Arbitration Agreement, require him to proceed with his individual PAGA claim through final and binding arbitration pursuant to his agreement, and dismiss his "non-individual" PAGA claims.

DATED: July 14, 2022

**FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson

/s/ Christopher Ward
Christopher Ward
Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC. and MENZIES AVIATION (USA), INC.