CHRISTOPHER WARD, CA Bar No. 238777
  cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

KEVIN JACKSON, CA Bar No. 278169
  kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., and MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>  Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No. 2:21-cv-07108-DMG-Ex<br><br>**SUPPLEMENTAL DECLARATION OF TALIN BAZERKANIAN IN SUPPORT OF DEFENDANTS AIRCRAFT SERVICE INTERNATIONAL, INC. AND MENZIES AVIATION (USA), INC.'S MOTION TO COMPEL ARBITRATION**<br><br>*[Filed concurrently with Reply in Support of Motion to Compel Arbitration]*<br><br>Date: August 26, 2022<br>Time: 9:30 a.m.<br>Ctrm.: 8C, 8th floor<br>Judge: Hon. Dolly M. Gee |

# SUPPLEMENTAL DECLARATION OF TALIN BAZERKANIAN[1]

I, Talin Bazerkanian, declare as follows:

1. I am currently the Senior Vice President, Human Resources for Menzies Aviation, a position I have occupied beginning on August 8, 2022. From August 7, 2022 dating back to February 2017 I had the title of Western Region Human Resources Director, and before that, I worked in a variety of human resources roles for Menzies Aviation, and always with human resources responsibility for Menzies' operations at Los Angeles International Airport ("LAX") since January 2011. I have also been continuously employed by Menzies (or its predecessor entity) and based at LAX since 1993. During that period of time, I have become completely familiar with all aspects of Menzies' personnel policies and operations at LAX. I have personal knowledge of the facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2. Following the Supreme Court's ruling in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 321 (2011), Menzies decided to adopt an Alternative Dispute Resolution Policy ("ADR Policy") for all employees at its locations in the United States, including its employees at LAX. A true and correct copy of the ADR Policy is attached hereto as **Exhibit A**.

3. Upon learning that Plaintiff Danny Lopez ("Plaintiff") had initiated a legal dispute with Menzies, I personally reviewed Plaintiff's personnel records and provided them to Menzies' legal counsel at Foley & Lardner LLP. These materials included (i) Menzies Aviation Alternative Dispute Resolution Policy; and (ii) Menzies Agreement to Be Bound by Alternative Dispute Resolution Policy and Receipt that Plaintiff executed on June 28, 2019. True and correct copies are collectively attached hereto and included

---

[1] This supplemental declaration is expressly authorized under relevant California law. . *See Espejo v. S. California Permanente Med. Grp.*, 246 Cal. App. 4th 1047, 1060 (2016) ("As previously noted, the issue of timeliness turns on whether defendants were required to authenticate Espejo's signature on the DRP as part of their initial petition to compel arbitration. Defendants contend they were not required to introduce such evidence until the authenticity of the document was challenged. We agree.")

as part of **Exhibit A**.

4. I am very knowledgeable of and familiar with Menzies' employee electronic signature system that Menzies uses for, among other things, employee acknowledgement and consent to various personnel documents at the outset of, and during, their employment. Menzies uses a system called the UltiPro Human Resources Information System ("HRIS" or "UltiPro"), which it began using in or around December 2010 / January 2011. When an employee applies for a position at Menzies, the individual must first create a unique profile in UltiPro and establish a password used to access his or her account and profile. In the case of existing employees, like Plaintiff, who began working for Menzies before the company adopted the UltiPro system, they too were required to create a unique profile in UltiPro. Based on my review of the UltiPro records, Plaintiff created a unique UltiPro profile on July 21, 2017. Upon creation of such a profile, each individual is directed to input his or her own unique password and instructed not to share that password with anyone else, including Menzies personnel. Menzies personnel do not have access to any job applicant's or employee's UltiPro account and profile. The individual's account can only be accessed using the individual's personal password. In fact, in the event the individual forgets his or her password, the only way the individual can reset the password and regain access to his or her UltiPro account is for the individual to work directly with UltiPro. Menzies has no ability to access any individual's account to make changes, review and execute documents on their behalf, reset passwords on their behalf, and the like. If an applicant receives an employment offer, accepts that offer, and proceeds to the onboarding process, he or she must use that same UltiPro username and password to review onboarding and orientation documents. Menzies also uses the UltiPro system for current employees to acknowledge receipt of employment documents that are created, modified, or updated during the course of an employee's employment. After the employee reviews each document, the employee indicates his consent or acknowledgement by applying an electronic signature in the UltiPro system.

5. On June 28, 2019, Plaintiff used the UltiPro system to acknowledge and

SUPP. DECL. OF BAZERKANIAN ISO MOTION TO COMPEL ARBITRATION
-2-   Case No. 2:21-cv-07108-DMG-Ex

4882-1769-3229.1

consent to several personnel documents, including those documents attached as Exhibit A. When an employee reviews and consents to such materials, the UltiPro system creates a record showing the specific date, time and UltiPro server that interacted with the individual. This information enables UltiPro to track the specific actions an individual undertakes within the HRIS system, and because of the unique username and password used to access the system, I can say with reasonable certainty that the individual in question, and only the individual in question, received, reviewed, and consented to the documents at issue.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 12th day of August 2022 at Los Angeles, California.

By: _____
Talin Bazerkanian

# EXHIBIT A



# MENZIES AVIATION ALTERNATIVE DISPUTE RESOLUTION POLICY

Because disputes arising from employment relationships sometimes occur, and because resolving such disputes through the court system is often exceedingly costly and time-consuming, which results in unsatisfactory resolution of disputes, Menzies Aviation has implemented this Alternative Dispute Resolution Policy ("ADR Policy").

While we hope that your employment will be free of major disputes or issues, in the event such a dispute arises, these procedures ensure that all parties have a and fair and equitable opportunity to see if there is a mutually satisfactory basis for resolving their dispute.  If an amicable resolution cannot be reached, these procedures provide for a fair hearing before an impartial, objective individual who has been selected by both sides.  The neutral arbitrator will have the full authority to resolve this matter protecting the rights of both parties.

**Who Is Covered**

The ADR Policy is mandatory for all disputes arising between signing employees and Menzies Aviation except as specifically excluded by the ADR Policy.  Any disputes which arise and which are covered by the ADR Policy must be submitted to final and binding resolution through the procedures of the Menzies Aviation ADR Policy.

For parties covered by this ADR Policy, alternative dispute resolution, including final and binding arbitration, is the exclusive means for resolving Covered Disputes (as defined below); no other action may be brought in court or in any other forum.  This agreement is a waiver of all rights to a civil court action for a Covered Dispute; only an arbitrator, not a judge or jury, will decide the dispute.

Nothing in this ADR Policy precludes the parties from discussing a mutually acceptable resolution of the dispute without the necessity of formal arbitration proceedings.  Additionally, the parties may agree to engage in mediation prior to arbitration.

**Covered Disputes**

Covered Disputes include any dispute arising out of or related to your employment, the terms and conditions of your employment and/or the termination of your employment based on, but not limited to, the following:

- Alleged violations of federal, state and/or local constitutions, statutes or regulations;

- Claims of unlawful harassment, discrimination, retaliation or wrongful termination that cannot be resolved by the parties or during an investigation by an administrative agency (such as the California Department of Fair Employment and Housing or the federal Equal Employment Opportunity Commission).  Covered claims include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Equal Pay Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the California Family Rights Act, the California Pregnancy Disability Leave Law, or any other statutory or common law scheme prohibiting, among other things, discrimination or harassment



- because of race, color, age, religious creed, national origin, ancestry, disability, sexual orientation, gender identity and sex;

- Claims based on any purported breach of contract, including breach of the covenant of good faith and fair dealing (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims of wrongful termination or constructive termination (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims of unfair demotion, transfer, reduction in pay, or any other change in the terms and conditions of employment (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims alleging failure to compensate for all hours worked, failure to pay overtime, failure to pay minimum wage, failure to reimburse expenses, failure to pay wages upon termination, failure to provide accurate, itemized wage statements, failure to provide meal and/or breaks, entitlement to waiting time penalties and/or other claims involving employee wages, including, but not limited to, claims brought under the California Labor Code, the applicable wage orders, the Fair Labor Standards Act and any other statutory scheme (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims based on any purported breach of duty arising in tort, including alleged violations of public policy and for emotional distress (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims of defamation, pre and post-termination (unless covered and preempted by a collective bargaining agreement grievance and arbitration process); and

- Any claim Menzies Aviation may have against employees, regardless of the nature, arising out of the employment relationship (unless covered and preempted by a collective bargaining agreement grievance and arbitration process).

However, nothing in this ADR Policy is intended to require arbitration of any claim or dispute which the courts of this jurisdiction have expressly held are not subject to mandatory arbitration or claims for which a collective bargaining agreement requires be resolved through its own grievance and arbitration procedures.  The following types of disputes are expressly excluded and are not covered by this ADR Policy:

- Disputes related to workers' compensation and unemployment insurance;

- Disputes or claims that are expressly excluded by statute that the courts of this jurisdiction have expressly held are not subject to mandatory arbitration, or are expressly required to be arbitrated under a different procedure pursuant to the terms of a collective bargaining agreement or separate agreement.

**Class Action Waiver**

The Menzies Aviation ADR Policy includes a waiver of the ability to participate in a class action or act as a collective action representative.  By agreeing to be bound by the ADR Policy, you understand and agree this ADR Policy prohibits you from joining or participating in a class action or as a collective action representative, or otherwise consolidating a covered claim with the claims of others.

**Initiating The Alternative Dispute Resolution Procedures**

In the event a dispute should arise and you wish to initiate these procedures, you must deliver a written request for alternative dispute resolution to Menzies Aviation within the statute of limitations period that would

EXCELLENCE FROM TOUCHDOWN TO TAKEOFF 

apply to the filing of a civil complaint alleging the same claims in court. Menzies Aviation will deliver a written request to you for any claim it may wish to assert. If a request for an alternative dispute resolution is not submitted timely, the claim will be deemed to have been waived and forever released.

**The Arbitration**

The dispute will be decided by a single decision-maker, called the arbitrator. The arbitrator will be mutually selected by Menzies Aviation and the Employee. If the parties cannot mutually agree on an arbitrator, then a list of arbitrators will be obtained from the American Arbitration Association's ("AAA") Employment Panel. The arbitrator will be selected by the parties according to the method of selection specified by the AAA in its Employment Arbitration Rules and Mediation Procedures.

The arbitrator shall be bound by the provisions and procedures set forth in the Employment Arbitration Rules and Mediation Procedures of the AAA. The applicable substantive law shall be the law of the State of California or federal law. If both federal and state law speak to a cause of action, the party commencing the action shall have the right to elect his/her choice of law.

The parties shall cooperate to the greatest extent practicable in the voluntary exchange of documents and information to expedite the arbitration. After selection of the arbitrator, the parties shall have the right to take depositions and to obtain discovery regarding the subject matter of the action and to use and exercise all of the same rights, remedies and procedures, and be subject to all of the same discovery duties, liabilities and objections as provided in the California Code of Civil Procedure and/or the Federal Rules of Civil Procedure. The arbitrator shall have the authority to rule on motions and the power to issue orders and determine appropriate remedies) regarding discovery and to issue any protective orders necessary to protect the privacy and/or rights of parties and/or witnesses.

The arbitrator shall have the same authority to award remedies and damages on the merits of the dispute as provided to a judge and/or jury under parallel circumstances. However, the arbitrator shall only be permitted to award those remedies in law or equity which are requested by the parties and which are supported by the credible, relevant evidence. The arbitrator shall issue a written opinion and award. Nothing in this Agreement is intended to waive the right to seek punitive damages, where allowable by law.

Following the issuance of the arbitrator's decision, any party may petition a court to confirm, enforce, correct or vacate the arbitrator's opinion and award under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, if applicable, and/or applicable state law.

**Fees And Costs Of Arbitration**

Fees and costs shall be allocated in the following manner:

- Each party will be responsible for its own attorneys' fees and expenses, except as otherwise provided by law, and the cost of a copy of the reporter's transcript of the proceedings, if desired.

- Menzies Aviation shall be responsible for the arbitrator's fee and expenses and any costs associated with the facilities for the arbitration.

**Revocation Of Participation – Opt Out Policy**

If you agree to participate in the ADR Policy and later wish to opt out at any time during your employment with Menzies Aviation, you may do so by delivering a written request to revoke your agreement to be bound by the ADR Policy to your local human resources representative. However, should you revoke your agreement to participate in the ADR Policy, that revocation shall be prospective only, and shall not apply to any claims initiated prior to opting out of the ADR Policy or to any claims based on facts occurring before you deliver your written request to revoke your agreement to be bound by the ADR Policy. Failure to opt out will demonstrate your intention to be bound by this Agreement and your agreement to arbitrate all disputes arising out of or

EXCELLENCE FROM TOUCHDOWN TO TAKEOFF 

related to your employment. You will not be subject to any adverse employment action or be retaliated against in any way because of your decision to opt out.

**Severability**

In the event that any provision of this ADR Policy is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable to any extent, such term or provision shall be enforced to the extent permissible under the law and all remaining terms and provisions of this ADR Policy shall continue in full force and effect.

Nothing in this ADR Policy is intended to preclude any employee from filing a charge with the Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, the National Labor Relations Board or any similar federal or state agency seeking administrative resolution. However, any claim that cannot be resolved through administrative proceedings shall be subject to the procedures of this ADR Policy.

**For Further Information**

If you have questions about anything contained in this ADR Policy, please contact your local Human Resources Manager.



EXCELLENCE FROM TOUCHDOWN TO TAKEOFF