UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-7108-DMG (Ex) | Date | December 9, 2022 |
| Title | Danny Lopez v. Aircraft Service International, Inc., et al. | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION [29]**

On July 21, 2021, Plaintiff Danny Lopez filed a Complaint in Los Angeles County Superior Court against Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc., asserting a single claim under California's Private Attorneys General Act ("PAGA") for wage and hour violations. Compl. [Doc. # 1-2.]¹ On September 2, 2021, Defendants removed the action to this Court, invoking federal question jurisdiction on the basis that portions of Lopez's claim are completely preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq*. *See* Notice of Removal ¶¶ 5-25.

On April 7, 2022, the Court denied Defendants' motion to stay this action pending the decision of the United States Supreme Court in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022), because Defendants had not shown that the *Moriana* decision would have any impact on this case. [Doc. # 28.] The *Moriana* ruling issued on June 15, 2022. Defendants now move to compel arbitration of Lopez's claims. [Doc. # 29.] The motion to compel ("MTC") is fully briefed. [Doc. ## 34 ("Opp."), 36 ("Reply").] Having carefully considered the parties' written arguments, the Court **DENIES** the MTC.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Lopez worked for Menzies as a field technician in the fueling department at Los Angeles International Airport ("LAX") from approximately December 2007 to April 2021. Lopez Decl. ¶ 3 [Doc. # 34-1]; *see also* Bazerkanian Decl. ¶ 4 [Doc. # 29-2]. His job included physically

---

¹ Plaintiff also named "Air Menzies International (USA), Inc." as a defendant. Defendants maintain that this entity does not exist. Plaintiff does not appear to contest this, so for purposes of this motion, the Court disregards this defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7108-DMG (Ex) | Date | December 9, 2022 |
|---|---|---|---|
| Title | *Danny Lopez v. Aircraft Service International, Inc., et al.* | Page | 2 of 4 |

adding fuel to passenger and cargo airplanes involved in both foreign and domestic interstate travel. Lopez Decl. ¶ 3.

Menzies has an Alternative Dispute Resolution ("ADR") Policy that covers "all disputes arising" between signing employees and Menzies, and refers such disputes to binding arbitration. Bazerkanian Decl., Ex. A [Doc. # 29-2]. The ADR Policy also prohibits employees "from joining or participating in a class action or as a collective action representative, or otherwise consolidating a covered claim with the claims of others." *Id*. at 6. Menzies contends that Lopez consented to the ADR Policy on June 28, 2019. Bazerkanian Decl. ¶ 4.

## II.
## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011). "The basic role for courts under the FAA is to determine '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (*en banc*) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

Federal substantive law governs questions concerning the interpretation and enforceability of arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22–24 (1983). Courts apply ordinary state law contract principles, however, "[w]hen deciding whether the parties agreed to arbitrate a certain matter." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). If an arbitration clause is not itself invalid under "generally applicable contract defenses, such as fraud, duress, or unconscionability," it must be enforced according to its terms. *Concepcion*, 563 U.S. at 339. In adjudicating whether parties have agreed to arbitrate, "district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc*., 1 F.4th 667, 670 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7108-DMG (Ex) | Date | December 9, 2022 |
|---|---|---|---|
| Title | *Danny Lopez v. Aircraft Service International, Inc., et al.* | Page | 3 of 4 |

## III.
## DISCUSSION

Defendants seek to compel arbitration of Lopez's PAGA claim. Lopez argues the motion should be denied because Lopez is exempt from the FAA pursuant to another recent Supreme Court decision, *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1793 (2022).[2]

### A. Exemption Pursuant to *Saxon*

Lopez contends that, because he works in the fueling department of Menzies at LAX and routinely adds fuel to airplanes in interstate commerce, he is engaged in interstate commerce and thus is exempt from the FAA's requirements.

Section 1 of the FAA exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" from the Act's requirements. 9 U.S.C. § 1. In *Saxon*, the United States Supreme Court concluded that an airline employee who frequently loaded and unloaded cargo on airplanes was engaged in interstate commerce, and thus was exempt from the FAA. 142 S. Ct. at 1793. The Court declined to create a blanket rule that all airline employees were engaged in interstate commerce. *See* 142 S. Ct. at 1791. Still, the Court refused to limit the exemption to only those airline transportation workers who actually "ride aboard an airplane in interstate or foreign transit." *Id*. Instead, the Court held that the exception applies to "any class of workers directly involved in transporting goods across state or international borders." *Id*. at 1789. The Court focused its attention on the actual work performed by the employee in question. *Id*. at 1788.

Defendants do not contest Lopez's description of his work, or offer additional evidence about the nature of that work. Instead, they contend that Section 1 does not cover Lopez's work because Lopez does not handle *goods* in commerce. As the Court recognized in *Saxon*, the question of whether an employee works in interstate commerce may be difficult to answer "when the class of workers carries out duties further removed from the channels of interstate commerce or the actual crossing of borders." 142 S. Ct. at 1789 n.2 (citing *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 916 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021)). For example, the Ninth Circuit has held that "last leg" delivery drivers fell within Section 1 and were therefore exempt from the FAA, even though these drivers undisputedly did not actually move goods between states. *See Rittmann*, 971 F.3d at 916. On the other hand, another court in this District, applying *Saxon*, has concluded that a truck mechanic was not exempt from the FAA because, even though

---

[2] Lopez also raises a number of other arguments. Because the Court concludes that the FAA does not apply under *Saxon*, the Court need not address these other arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7108-DMG (Ex) | Date | December 9, 2022 |
|---|---|---|---|
| Title | *Danny Lopez v. Aircraft Service International, Inc., et al.* | Page | 4 of 4 |

his employer was "directly engaged in interstate commerce," the mechanic himself was only "perceptibly connected to the instrumentalities of commerce." *Holley-Gallegly v. TA Operating LLC*, No. ED CV 22-593-JGB (SHKx), 2022 WL 9959778, at *2-3 (C.D. Cal. Sept. 16, 2022) (quoting *Saxon*, 142 S. Ct. at 1791).

Although an employee who adds fuel to cargo planes is not literally moving goods (as the plaintiffs in *Saxon* and *Rittmann* did), he is closer both physically and temporally to the actual movement of goods between states than a truck mechanic who works on trucks that move goods in interstate commerce (as was the case in *Holley-Gallegly*). The Fifth Circuit has held "there can be no question" that employees who hauled fuel to planes that transported goods in interstate commerce were "engaged in commerce" for purposes of the Fair Labor Standards Act because their activities were "so closely related to [. . .] commerce as to be in practice and in legal contemplation a part of it." *See Wirtz v. B. B. Saxon Co.*, 365 F.2d 457, 461 (5th Cir. 1966). By contrast, the court held that employees who provided janitorial services in buildings that housed instrumentalities of commerce were not engaged in commerce. *Id*. at 462.

Applying similar logic as *Wirtz*, this Court concludes that the act of fueling cargo planes that carry goods in interstate commerce is "so closely related to interstate transportation as to be practically a part of it." *See Saxon*, 142 S. Ct. at 1789. Lopez, whose duties included physically adding fuel to planes, was directly involved in the transportation itself, not only the maintenance of the means by which goods were transported. The Court therefore concludes that Lopez is exempt from the requirements of the FAA pursuant to section 1.

## IV.
## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendants' MTC.

**IT IS SO ORDERED.**